John J. Gorman, Jr., a Minor, by John J. Gorman, Sr., his Father and Next Friend, Plaintiff-Appellee, v. St. Francis Hospital and Dr. Raymond Louis Del Fava, Defendants-Appellants.

Gen. No. 49,666.

First District, Second Division.

June 22, 1965.

Albert M. Howard, of Chicago (Norton Wasserman, of counsel), for appellants.

John J. Sullivan, of Chicago (John J. Sullivan, Lawrence P. Hickey, and William J. Harte, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This appeal comes from a judgment entered on a jury verdict November 27, 1963, in the Superior Court of Cook County, Illinois. The plaintiff-appellee, John J. Gorman, Jr., had sued the defendants-appellants, St. Francis Hospital and Dr. Raymond Louis Del Fava for damages he allegedly sustained as a result of his being exposed to an overdose of X-rays at the hands of Dr. Del Fava. Recovery against the hospital was predicated on the claim that Dr. Del Fava was an agent of the hospital and that it shared his liability on the basis of respondeat superior.

Certain facts in the case are not in dispute. The plaintiff had become afflicted with warts on the back of his left hand and in May of 1957 he went to his family physician, Dr. George H. Irwin, to have them removed. After examining the plaintiff, Dr. Irwin decided it would be best for the warts to be treated by exposures to X-rays and sent him to the St. Francis Hospital in Evanston, Illinois, for treatments. Dr. Del Fava was the radiologist who administered the treatment to the plaintiff.

The plaintiff's first treatment was on May 31, 1957, when a portion of his left hand was exposed to 750 Roentgens. (A Roentgen is a unit of X-ray. One factor in determining how many Roentgens to which a person has been exposed is the amount of time the

X-ray machine has been left on.) That portion of his hand that was not to be treated was masked off to prevent exposure to the rays. The hospital records show that this exposure lasted 3½ minutes. The second treatment took place on June 22, 1957. A different portion of the left hand was exposed at this time and the plaintiff again received 750 Roentgens over a period of 3½ minutes.

The third treatment took place July 27, 1957. At the examination that preceded this treatment it was noted that the warts treated the first two times were beginning to return. Dr. Del Fava said that he had no independent recollection of the treatment he administered to the plaintiff and testified from the hospital records as to what was done. The records showed that plaintiff was administered 1,025 Roentgens over a period of five minutes.

The plaintiff testified, however, that he was alone in the treatment room ten minutes when the third treatment was given. ". . . I had occasion to look at my watch as I went in there and sat down and I looked at it again several times during the treatment and again when I left because I was in a hurry to get to another appointment.

"I do not know what time it was when I sat down. I do not know what time I had the other appointment —I do not even recall what it was."

The plaintiff admitted that he could not tell if the machine was on the entire ten minutes he was in the room by himself, but Dr. Del Fava stated on cross-examination, "I practically always go back in immediately after the patient has received his treatment. There are times when we don't go back in immediately. We have two rooms and we might be in another room. I have no record which would indicate whether I went back in immediately after the patient had received his X-ray treatment in this case."

The plaintiff testified that within a week of the third treatment, the skin of the area exposed that last time became red and tender to the touch. A few days after that, the area swelled and opened up, secreting fluid. At the time of the trial, the plaintiff still suffered from periodic swelling and fluid secretions in that area.

The medical experts called in the case said that the injury could have been caused by an overexposure to X-ray, but none could say that X-ray was the only thing that could have caused the condition complained of. Dr. Del Fava stated that the injury could have been caused by chemicals. The plaintiff stated that he took chemistry in school, but there was no testimony connecting the taking of that course with his injury.

The evidence shows that the plaintiff went away to college in the fall and pursued his studies the full school year. The evidence also shows that he was being treated by the medical authorities at his school during this year. The following year plaintiff was admitted to the United States Naval Academy at Annapolis. Before being admitted it is necessary for candidates to pass a physical. The doctors saw the plaintiff's hand at this time and admitted him to the Academy. The plaintiff testified that he nicked his hand while on the rifle range shortly after arriving at the Academy and that the soreness returned. He was in the hospital for seven weeks and was then discharged from the Academy for medical reasons. He returned to his first college and continued his education there.

As to what would constitute an overdose of X-ray, all the testimony was that an exposure lasting five minutes with a dosage of 1,025 Roentgens would conform with acceptable standards of medical practice in the Chicago area at the time it was given.

Dr. John J. Kearney, called as a witness on behalf of Dr. Del Fava, testified on cross-examination that a dosage of 2,050 Roentgens over a period of ten minutes

would not have caused the plaintiff's injury. The witness testified that he had given such a dosage many times without ill effect to a patient. Dr. Del Fava, on the other hand, stated that giving a dosage of 2,050 Roentgens would be taking "an undue chance." He pointed out, however, that patients had been given such dosages with no aftereffect.

 The jury returned a verdict for the plaintiff in the sum of $30,000. No reduction is sought in the amount of the verdict, the only basis of this appeal is that the finding of liability is against the manifest weight of the evidence, and that there was no expert testimony in support of the malpractice suit against Dr. Del Fava. In oral argument both sides accepted Berkson v. Chandler, 5 Ill App2d 583, 126 NE2d 389 (1955) as authority for the rule that malpractice must be proved by expert testimony that the treatment given did not meet the acceptable medical standards of that time and place.

 The plaintiff states that there was expert testimony that a ten minute exposure of 2,050 Roentgens would not be good medical practice and calls this court's attention to the testimony of the defendant, Dr. Del Fava that such an exposure would be taking "an undue chance." The doctor was a radiologist and fully competent to testify as to the acceptable medical standards pertaining to his treatment of the plaintiff. We hold, therefore, that there was expert testimony that a treatment of 2,050 would not have conformed to acceptable medical practice.

██ ██ The core of the defense's case, however, was that the treatment was for five minutes and 1,025 Roentgens as was noted in the Hospital records and not ten minutes and 2,050 Roentgens as plaintiff claims. The plaintiff testified that he looked at his watch and was alone in the room ten minutes. Dr. Del Fava testified that he "practically always" went into

the treatment room immediately after the X-ray machine was turned off. There was evidence which, if believed by the jury, could give rise to a reasonable belief that the machine was on for ten minutes. We cannot say that the jury acted improperly in believing the plaintiff's positive testimony that he was alone in that room for ten minutes rather than the hospital records showing the treatment was for five minutes. There is always the possibility that the hospital records are wrong and they are entitled to no special presumption of credibility as opposed to positive conflicting testimony of a witness.

We hold, therefore, that the plaintiff met the requisite standard of proof for a malpractice case and that the finding of the jury is not against the manifest weight of the evidence.

We point out at this time that the question of the hospital's negligence was not tried as a separate issue from that of the doctor. The jury was instructed that, "The defendants are sued as principal and agent. The defendant, St. Francis Hospital, is the principal and the defendant, Dr. Raymond Del Fava, is its agent. If you find the defendant, Dr. Raymond Del Fava, is liable, then you must find that the defendant, St. Francis Hospital, is also liable." No appeal has been taken from the giving of this instruction and we will not enter into a discussion as to whether that instruction correctly stated the law. The hospital requested no separate instructions and the matter is not in issue here. The judgment is affirmed.

Judgment affirmed.

BURKE, P. J. and LYONS, J., concur.