HENRY PLOST, Plaintiff-Appellant and Cross-Appellee, *v.* LOUIS A. WEISS MEMORIAL HOSPITAL *et al.*, Defendants-Appellees.—(LOUIS FISHKIN, M.D., Defendant-Appellee and Cross-Appellant.)

First District (4th Division)   No. 76-1653

Opinion filed June 29, 1978.

Marvin A. Brustin, of Chicago (John F. Purtill, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Kevin T. Martin, Gary W. Reid, and Ann C. Petersen, of counsel), for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County dismissing, without prejudice, a medical malpractice action, brought by Henry Plost (hereinafter called "the plaintiff") for want of prosecution. The basis of the dismissal was the plaintiff's failure to proceed to trial after his motion for a continuance, to allow the plaintiff to search for a medical expert, was denied.

The issues presented for review are (1) whether the trial court properly dismissed the plaintiff's cause of action for want of prosecution, and (2) whether the trial court properly denied the defendants' motion to dismiss with prejudice based on the plaintiff's alleged willful failure to comply with pretrial procedure and the rules of discovery.

On February 24, 1972, through March 6, 1972, the plaintiff was hospitalized in Louis A. Weiss Memorial Hospital, under the care of Dr. Leon B. Bobrow, for the purpose of undergoing tests and observation to determine whether or not the appellant had any physical disorder in the rectal area. The plaintiff was released from the hospital, from under the appellee's hospital and doctor's care due to the fact the appellees were unable to determine any physical disorder on the part of the plaintiff. Subsequent to that time, it was discovered the plaintiff was suffering from carcenoma of the rectum, commonly referred to as rectal cancer, and the defendants failed to diagnose and treat plaintiff's ailments as such.

On July 13, 1973, the plaintiff filed a complaint for malpractice against Drs. Louis Fishkin and Leon B. Bobrow and Louis A. Weiss Memorial Hospital (herein called "the defendants"). An answer was filed on behalf of each of the defendants, and discovery was initiated. On July 30, 1976, this cause was called for trial and for the hearing of several pending motions for summary judgment, based upon the grounds the plaintiff has no medical experts to testify as to the alleged malpractice of the defendants. The pending motions to dismiss by the defendants were continued to August 17, 1976, at which time the plaintiff's attorneys were to produce the names of their medical experts.

On August 17, 1976, the plaintiff's attorneys submitted answers to supplemental interrogatories which listed those experts who may be called upon to testify at trial as follows: J. A. Raskin, M.D.; J. Martin Lebowitz, M.D.; S. J. Pastorelle, M.D. and George Block, M.D. At that time it was also represented by attorneys for the plaintiff a report regarding Dr. Pastorelle's opinion and conclusion regarding medical malpractice was prepared and given to each of the defendants. The case was then continued for hearing until September 7, 1976.

■■ On September 7, 1976, an order was entered continuing the matter until October 6, 1976, for a status call and for the purpose of allowing the

defendants to take depositions of Drs. Block, Lebowitz and Raskin. On October 6, 1976, an order was entered limiting the plaintiff to those experts listed in his answers to interrogatories. We hasten to point out this order is a primary cause of the plaintiff's difficulty in presenting his claim. An order limiting witnesses is improper because new witnesses may be found during trial and can be used by giving the opposition an opportunity to depose the witness before he is called to testify, if it does not interfere with the trial. The better practice is to depose the witness after court hours.

As of October 6, 1976, the attorneys for the defendants no longer indicated the desire to take the deposition of the three doctors in question and the case was tentatively set for trial on October 14, or October 15, 1976.

On October 8, 1976, this cause was set for trial due to a change in the trial court's schedule. On October 8, 1976, attorneys for the defendants presented motions to dismiss plaintiff's cause of action for failure to produce an expert witness. The attorneys for the defendants maintained Drs. Block, Raskin and Lebowitz would not testify as experts in the case pursuant to a letter written to Judge Canel dated August 23, 1976; and the plaintiff's attorney was unable to produce Dr. Pastorelle to testify. The attorney for the plaintiff filed an affidavit on October 8, 1976, in which he stated for a period of approximately the last six months he had spoken with Drs. Lebowitz, Block and Raskin concerning the status of this case, and subsequent to the letter written to Judge Canel concerning the testimony of these doctors, he had attempted on several occasions to contact those doctors with no success. In addition to the aforementioned motions and affidavits, the plaintiff's attorneys filed an additional affidavit in which he stated his expert witness, Dr. S. J. Pastorelle, died in September of 1976 with the plaintiff's attorneys' first knowledge of the doctor's death coming on October 7, 1976. Finally, the attorneys for the plaintiff filed a motion for a 60-day continuance based upon the fact his expert medical witness had died, with the first knowledge of the doctor's death coming to the plaintiff's attorneys on October 7, 1976.

On October 8, 1976, a hearing was held at which time the aforementioned motions were heard. An order was entered denying the plaintiff's motion for continuance, denying defendants' motion to dismiss, dismissing the cause of action for want of prosecution, and granting the defendants leave to file their petitions for fees and costs.

On October 25, 1976, a second hearing was held concerning the defendants' pending motions for fees and costs. An order was entered stipulating to the death of Dr. S. J. Pastorelle as being on August 19, 1976; allowing the defendants' motions for bill of cost, but staying execution pending the outcome of this appeal; and denying defendants' motion for

fees. From this order and the order of October 8, 1976, this appeal is taken.

The plaintiff maintains the trial court was in error for dismissing his cause of action for want of prosecution. Put another way, the plaintiff claims the court erred in denying his motion for a continuance.

■■ The record reveals on August 17, 1976, the plaintiff, during discovery, produced to the defendants the names of the plaintiff's four possible medical witnesses. On October 6, 1976, and a few days prior to the schedule trial, the court entered an order limiting the plaintiff to those four experts listed in his answers to interrogatories. As previously mentioned, we feel this order led to the improper result in this case. A trial court should not and cannot properly close discovery as to a party's witnesses or limit a party's witnesses to those previously disclosed, even during trial.

During inquiry with regard to taking depositions the defendants discovered one of the plaintiff's expert witnesses (Dr. Pastorelle) had died and the other three doctors indicated a desire not to testify. At the October 8, 1976 hearing the plaintiff indicated his first knowledge of Dr. Pastorelle's death had come just one day prior to the hearing and he had attempted, on several occasions, within the previous two months, to contact the other three doctors listed as possibly testifying, but had no success in reaching them. In order to avoid being forced to trial without an expert witness, the plaintiff filed a motion for a 60-day continuance.

As to whether it was necessary for a medical malpractice plaintiff to have an expert in order to proceed with trial, depends on the facts and circumstances of each case. Expert medical testimony is ordinarily important, but is not required where the result of the treatment is of such character as to warrant the inference of want of due care in the light of the knowledge and experience of the jurors themselves.

The case at bar involved the question of whether the defendants should have discovered the plaintiff's rectal cancer from a rectal exam. Under such circumstances, counsel for the plaintiff reasoned expert medical testimony was needed to prove the standard of care and the duty to diagnose, and thereby requested a continuance to replace the plaintiff's only favorable medical expert who, most recently, had died.

In denying the plaintiff's motion for a continuance the trial court exhibited the following rationale:

"The Court: [T]he court refused to continue the case further and adheres to that decision despite the fact that the plaintiff has renewed his motion for another continuance, the reason being that plaintiff's counsel had named these four doctors, Dr. Raskin, Dr. Martin Lebowitz and Dr. George Block and Dr. Pastorelle as experts, and the fact that he now finds that they are apparently

unwilling to testify as to any malpractice upon the part of the defendant doctors in this matter, that he feels he should be given additional time to find other experts. The court is of the opinion that a continuance should be denied because the court does not wish to act upon an assumption that those doctors, if called, would tell untruths or perjure themselves before this court. They may be unwilling witnesses, but the court is unwilling to assume that they would then necessarily lie in this testimony."

This court recognizes the plaintiff's dilemma. He is placed in a position of proceeding to trial without an expert or he may subpoena the remaining three experts he had listed in his answers to interrogatories.

Proceeding to trial without an expert in a case where the facts of the injury are not such as to warrant the inference of due care to laymen means probable defeat. However, it is possible for a plaintiff to extract enough admissions from the defendant doctors, under section 60 cross-examination, to meet the requirement of expert testimony and thereby make out a prima facia case.

Proceeding to trial with an expert who is reluctant to testify and who has been subpoenaed in the hope he will shed favorable light on the case is also dangerous to successful litigation. It is doubtful such an unwilling witness would be desirous of aiding the litigant who has caused his inconvenience.

■■ After a reading of the entire record it is clear the trial court abused its discretion in denying the plaintiff's motion for a continuance and in ordering a dismissal for want of prosecution. The decision of the trial court has deprived the plaintiff of his fundamental right to present his cause of action. To grant the plaintiff's request for a delay, which was necessary, through no fault of his own, for a proper presentation of his cause of action, would be the only proper action of the court, since such action would not substantially prejudice the defendants.

The requirement of the disclosure of expert medical testimony prior to trial prohibits a plaintiff from proceeding to trial and finding an expert during the trial. Conceivably, a medical malpractice plaintiff can proceed to trial without an expert (1) where the theory is "res ipsa loquitur," (2) where the plaintiff intends to call and question the defendant under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60), or (3) when the plaintiff believes the negligence will be obvious to the jurors. In each of these instances the plaintiff, immediately prior to and even during the trial, could search for and find a doctor to testify. Although there are relatively few situations where medical negligence would be obvious to a jury or where "res ipsa loquitur" can be shown, the use of section 60 or cross-examination of the defendants' experts may be the most viable way to proceed, for a plaintiff who has no willing medical expert. In this situation, the works of recognized medical authorities may

provide the necessary technical information for the jury without imposing such a heavy burden on the plaintiff. Although scientific works generally cannot be used as direct evidence in Illinois, in *Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 211 N.E.2d 253, the court greatly expanded the use of texts and treatises on cross-examination of the expert witness. The court held an expert can be cross-examined about scientific works even if he did not expressly base his opinion on those works. To prohibit the plaintiff from using any of the above methods because of discovery limitations is an abuse of discretion in this situation. As previously stated, a trial witness can be deposed after court hours, even if the trial has commenced. This practice is authorized by the general discovery provisions of the Illinois Supreme Court Rules, which provide, in pertinent part:

"The trial of a case shall not be delayed to permit discovery unless due diligence is shown." Ill. Rev. Stat. 1975, ch. 110A, par. 201(f).

■■ If the identity of an expert witness is first uncovered during trial, diligence on the part of counsel for the plaintiff with regard to discovery of that witness cannot be controverted, and according to Supreme Court Rule 201(f) the trial may even be delayed to allow for discovery. In any event the defendant would have the opportunity to depose the expert and we see no reason, therefore, to limit the plaintiff to those experts listed in his answers to interrogatories and to deny the plaintiff's attempt to search for an additional expert.

The defendant and cross-appellant, Dr. Fishkin, claims the court erred in denying his motion to dismiss which alleged the plaintiff unreasonably refused to comply with discovery rules, or failed to comply with a court order under the discovery rules.

In general, the imposition of sanctions for noncompliance with discovery rules and other pretrial procedures rests largely within the discretion of the trial court. The exercise of such discretion will not ordinarily be interfered with by an appellate court unless it appears the trial court is guilty of an obvious abuse of discretion. *United Excavating v. J. L. Wroan & Sons, Inc.* (1976), 43 Ill. App. 3d 101, 356 N.E.2d 1160.

■■ The trial court found there was no misconduct committed by the plaintiff. The court found no deliberate refusal to comply with discovery rules or orders and therefore decided against imposing sanctions. The record sufficiently supports these conclusions. We find the trial court's denial of Dr. Fishkin's motion to dismiss was a proper exercise of the court's discretion and is supported by the evidence.

The defendant cross-appellant also maintains the trial court erred in denying Dr. Fishkin's motion for attorneys fees.

Dr. Fishkin's motion was filed pursuant to section 41 of the Civil Practice Act, which provides as follows:

"Untrue statements. Allegations and denials, made without

reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial." Ill. Rev. Stat. 1975, ch. 110, par. 41.

At the hearing on Dr. Fishkin's motion, the court asked what the motion was based on. Counsel for Dr. Fishkin answered, "We are relying on the fact * * * that at no time was the plaintiff prepared to go to trial in this matter insofar as his disclosure of experts are concerned." The trial court found this allegation to be a conclusion which is not supported by the evidence and, after a review of the entire record pertaining to pretrial discovery, we agree.

■■ The trial court properly denied Dr. Fishkin's request for fees pursuant to section 41 because no evidence in the record indicates any statements were made in bad faith without reasonable cause, or were untrue.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby reversed in part; affirmed in part and remanded to the circuit court for further proceedings not inconsistent with the views expressed herein.

Reversed in part; affirmed in part and remanded.

JOHNSON, P. J., and LINN, J., concur.