RACHEL W. STEVENSON, Plaintiff-Appellant, *v.* RALPH NAUTON, M.D., Defendant-Appellee.

First District (1st Division)    No. 78-470

Opinion filed April 23, 1979.—Rehearing denied May 29, 1979.

Mountcastle & DaRosa, of Wheaton, and Lloyd E. Dyer, Jr., of Wheaton, for appellant.

Menk, Bishop and Kezelis, of Chicago (Algimantas Kezelis, of counsel), for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County granting summary judgment in favor of the defendant, Ralph Nauton, M.D. The action was instituted by the plaintiff, Rachel W. Stevenson, for damages occasioned by the alleged negligence of the defendant in failing to diagnose and treat a suspected case of temporal arteritis. The

defendant's motion for summary judgment was granted by the trial court on the basis of the plaintiff's failure to make out a prima facie case as to the acceptable standard of care against which the defendant physician was to be measured. We affirm.

It appears that the plaintiff first came under the care of Dr. Nauton, an ear, nose and throat specialist, on July 23, 1973, at which time she complained to Dr. Nauton of an almost unbearable swelling in her jaws and temples accompanied by an inability to swallow. On August 9, 1973, she complained to Dr. Nauton of double vision. She remained under the care of Dr. Nauton until August 14, 1973, at which time she went to another physician for treatment.

On July 30, 1975, the plaintiff filed a complaint alleging that the defendant was guilty of one or more of the following negligent acts and omissions:

(a) failing to take a proper history from the plaintiff;

(b) failing to administer to the plaintiff the appropriate and necessary tests to determine her malady;

(c) failing to administer a Sed. Rate blood test when the symptoms described by the plaintiff would normally call for such a test;

(d) ignoring the plaintiff when she called on August 9, 1973, advising the defendant that she was suffering from double vision.

The plaintiff contends that as a direct and proximate result of these allegedly negligent acts and omissions of the defendant she lost vision in her left eye and remains sick and disabled.

On written answers to interrogatories filed on September 3, 1976, the plaintiff listed nine physicians who had knowledge of her condition and treatment. On April 1, 1977, in an amendment to the interrogatory she listed one medical text upon which she intended to rely at the trial. The only indication in the record that a medical expert might be called at the trial to sustain the plaintiff's allegations is the fact that the defendant took the deposition of a Dr. Peter Atchoo on August 24, 1977.

During the discovery deposition Dr. Atchoo, an eye specialist with offices in Pontiac, Michigan, testified that he had never seen an actual case of temporal arteritis but had treated patients suspected to have this condition. He suggested what he might have done had he been consulted by the plaintiff under the same circumstances presented to Dr. Nauton. He further stated that he could not form a definite opinion as to whether Dr. Nauton's treatment of the plaintiff was below acceptable medical standards.

The defendant then moved for summary judgment on September 6, 1977, upon the testimony of plaintiff's selected expert witness. The defendant's motion was granted on October 7, 1977, and the plaintiff's petition for a rehearing was denied.

■■ On appeal in this court the plaintiff argues that the trial court erred in granting summary judgment in favor of the defendant as there were genuine issues of material fact in the affidavits, pleadings and depositions on file in the cause. We recognize that where the pleadings, depositions and admissions on file, together with any affidavits and exhibits show that there is no genuine issue as to any material fact a motion for summary judgment is proper. Ill. Rev. Stat. 1975, ch. 110, par. 57; *Kwak v. St. Anthony De Padua Hospital* (1977), 54 Ill. App. 3d 719, 369 N.E.2d 1346; *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Barnes v. Washington* (1973), 56 Ill. 2d 22, 305 N.E.2d 535.

■■ In a medical malpractice case the burden is on the plaintiff to establish every fact necessary to sustain her cause of action. (*Burrow v. Widder* (1977), 52 Ill. App. 3d 1017, 368 N.E.2d 443; *Gault v. Sideman* (1963), 42 Ill. App. 2d 96, 191 N.E.2d 436.) "One element of a cause of action for medical malpractice is proof of the standard of care by which the defendant physician's conduct is to be measured." (*Walski v. Tiesenga* (1978), 72 Ill. 2d 249, 255, 381 N.E.2d 279, 282.) The Illinois Supreme Court in *Borowski v. Von Solbrig* (1975), 60 Ill. 2d 418, 423, 328 N.E.2d 301, stated that:

> "Except in certain limited situations not pertinent here, the appellate decisions of this State have held that the plaintiff, by use of expert testimony, must establish the standards of care against which the defendant doctor's conduct is to be measured. The plaintiff must then further prove by affirmative evidence that, judged in light of these standards, the doctor was unskillful or negligent and that his want of skill or care caused the injury to the plaintiff."

(See *Plost v. Louis A. Weiss Memorial Hospital* (1978), 62 Ill. App. 3d 253, 378 N.E.2d 1176; *Livengood v. Howard* (1973), 11 Ill. App. 3d 1, 295 N.E.2d 736; *Ybarra v. Cross* (1974), 22 Ill. App. 3d 638, 317 N.E.2d 621; *Estell v. Barringer* (1972), 3 Ill. App. 3d 455, 278 N.E.2d 424; *Sanders v. Frost* (1969), 112 Ill. App. 2d 234, 251 N.E.2d 105; *Newman v. Spellberg* (1968), 91 Ill. App. 2d 310, 234 N.E.2d 152.) The court in *Walski* explained that:

> "Generally, expert testimony is needed to support a charge of malpractice because jurors are not skilled in the practice of medicine and would find it difficult without the help of medical evidence to determine any lack of necessary scientific skill on the part of the physician." *Walski*, at 256.

■ The plaintiff does not contest the general rule requiring expert testimony in medical malpractice cases. It is the plaintiff's initial contention that the testimony of her expert witness Dr. Atchoo was sufficient to establish this standard of care. We disagree.

■ The expert's statements as to what he would have done in the situation encountered by Dr. Nauton are irrelevant since the issue before the trial court was whether the defendant acted contrary to accepted or customary medical standards at that time and place. (*Gorman v. St. Francis Hospital* (1965), 60 Ill. App. 2d 441, 208 N.E.2d 653.) As stated in *Walski v. Tiesenga* (1978), 72 Ill. 2d 249, 261, 381 N.E.2d 279:

> "It is insufficient for plaintiff to establish a *prima facie* case merely to present testimony of another physician that he would have acted differently from the defendant, since medicine is not an exact science. It is rather a profession which involves the exercise of individual judgment within the framework of established procedures. Differences in opinion are consistent with the exercise of due care."

It should be pointed out that what Dr. Atchoo may have known or done as an eye specialist may have differed from what Dr. Nauton should have known or done as an ear, nose and throat specialist. Furthermore, the record reveals that Dr. Atchoo had never seen an actual case of temporal arteritis. Most importantly, at his deposition he stated that he had no opinion as to whether the defendant's treatment fell below acceptable medical standards.

The plaintiff goes on to argue that other testimony might have been elicited from other witnesses and authoritative texts might have filled the vacuum created by Dr. Atchoo's testimony. In her answer to interrogatories the plaintiff did in fact list nine physicians who knew of her condition and a text which she intended to rely upon at the trial. However, the plaintiff failed to designate any of these physicians as experts or present to the trial court excerpts or citations from the named text supporting the cause of action either in her answer to the summary judgment motion or in her motion for a rehearing. In fact, the plaintiff did not offer any evidence meeting the requirements of Supreme Court Rule 191 which would have presented to the trial court a genuine issue of material fact with respect to the existence of a standard of care. The argument that other methods of proof are available is not a substitute for actual proof.

■ The plaintiff further maintains that the trial court erroneously granted the defendant's motion for summary judgment because the failure of plaintiff's expert to state an opinion on discovery deposition should not have precluded him from giving an opinion at the trial. We reject this argument.

■ Where the plaintiff has failed to indicate that she has an expert medical opinion to sustain allegations or would be able to obtain such opinion in the future and was given numerous opportunities to secure such testimony summary judgment in favor of the defendant is proper.

(*Sanders v. Frost* (1969), 112 Ill. App. 2d 234, 251 N.E.2d 105; *Hill v. Lutheran Hospital* (1978), 58 Ill. App. 3d 1003, 374 N.E.2d 1147.) In *Hill* the defendant's motion for summary judgment was properly granted where the plaintiff failed to present any evidence which would indicate that he would be able to establish through expert testimony some negligence on the part of the defendant and numerous continuances were afforded the plaintiff to present such evidence. Similarly, in *Kwak v. St. Anthony De Padua Hospital* (1977), 54 Ill. App. 3d 719, 369 N.E.2d 1346, the court concluded that summary judgment was properly entered where the plaintiff's expert stated at the deposition hearing that he had no specific criticism of the care, treatment or assistance rendered by the defendant hospital and went on to contradict other matters set forth by the plaintiff in opposition to the motion for summary judgment.

An examination of the record discloses that the plaintiff had numerous opportunities to obtain an expert medical opinion to sustain her allegations. Approximately four years had elapsed between the time the alleged negligent acts were committed and the time motion for summary judgment was entered. When the plaintiff finally did come up with an expert he could not give an opinion to sustain her allegations. There is no indication that her expert could have formed a definite opinion at the trial nor does it appear that the plaintiff had or could have obtained other experts to testify as to the proper standard of care against which the defendant should have been judged. Having an expert that is unable to give an opinion can be likened to the situation presented in *Sanders v. Frost* (1969), 112 Ill. App. 2d 234, 251 N.E.2d 105, in which summary judgment was properly granted where the plaintiff gave no indication that a medical expert would be available to testify at the trial. Having an expert who has no opinion of the proper standard of care is no better offer of proof than the situation in *Sanders* in which the plaintiff failed to designate an expert. In each situation the plaintiff failed to make out a prima facie case. The instant case is similar to the fact situation presented in *Kwak v. St. Anthony De Padua Hospital* (1977), 54 Ill. App. 3d 719, 369 N.E.2d 1346. In both cases expert witnesses were available before the trial but were unable to give an opinion sustaining the plaintiff's charges. In *Kwak* the plaintiff's expert could find nothing negligent about the defendant hospital's behavior and in the case before us the plaintiff's expert could not form an opinion as to the appropriate standard of care at the deposition hearing. Furthermore it is to be noted that in her answer to the motion for summary judgment and in her motion for a rehearing the plaintiff did not present an expert opinion as to the proper standard of care nor did she give any indication that Dr. Atchoo or any other expert would form an opinion at the trial.

The plaintiff finally contends that the facts in the record do not

indicate that expert testimony would be necessary in the case at bar. This contention is without merit.

We note that the cases in which expert testimony was held to be unnecessary have been few and strictly limited to their peculiar facts. These cases are the "common knowledge," "gross negligence" and "grossly apparent" situations where the negligence of the physician is so obvious or the remedy so mundane as to be within the everyday knowledge of the layman. In *Graham v. St. Luke's Hospital* (1964), 46 Ill. App. 2d 147, 196 N.E.2d 355, the court outlined situations under which exception to the general requirement of expert testimony would be made at page 158:

> "The rule is that expert testimony is not required if the negligence is so grossly apparent or the treatment is of such a common occurrence that a layman would have no difficulty appraising it. [Citations.] The rule has been appled in cases involving anesthesia, tonsillectomy, X-rays and in some cases injections."

Accord, *Walski v. Tiesenga* (1978), 72 Ill. 2d 249, 381 N.E.2d 279; *Borowski v. Von Solbrig* (1975), 60 Ill. 2d 418, 328 N.E.2d 301; *Hill v. Lutheran Hospital* (1978), 58 Ill. App. 3d 1003, 374 N.E.2d 1147; *Estell v. Barringer* (1972), 3 Ill. App. 3d 455, 278 N.E.2d 424; *Scardina v. Colletti* (1965), 63 Ill. App. 2d 481, 211 N.E.2d 762.

We believe that the allegations in the plaintiff's complaint concerning the defendant's negligence in the treatment of the plaintiff required more than common knowledge and experience to understand and therefore were not within the common comprehension of laymen. (Compare *Newman v. Spellberg* (1968), 91 Ill. App. 2d 310, 234 N.E.2d 152.) The plaintiff failed to recognize the fact that her own expert, a specialist in eye care, had never seen a patient with temporal arteritis. The plaintiff further chose to ignore the statement by her expert at the deposition hearing that he could not express an opinion as to whether the defendant's conduct fell below accepted standards. However, at the same time the plaintiff asserts that the condition could be understood by laymen and that they, based upon their everyday life experiences, could assess whether the defendant was negligent. The treatment of a suspected case of temporal arteritis in our view cannot be brought within the aforementioned exceptions.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.