MARY SOLON *et al.*, Plaintiffs-Appellants, v. MUKUND GODBOLE, Defendant-Appellee.

Third District   No. 3—87—0176

Opinion filed December 10, 1987.

John Olivero and William LaSorella, both of Peru, for appellants.

Douglas J. Pomatto, of Heyl, Royster, Voelker & Allen, of Rockford (Kevin Luther, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This is a medical malpractice action brought by plaintiffs Mary Solon and Eugene Solon against defendant, Mukund Godbole, M.D. The trial court granted defendant's motion for summary judgment and denied plaintiffs' motion to vacate summary judgment. Plaintiffs now appeal both trial court rulings in favor of defendant. No questions are raised on the pleadings.

The issue presented is whether the trial court erred in granting defendant's motion for summary judgment and in denying plaintiffs' motion to vacate summary judgment. In particular we must decide the following: (1) whether plaintiffs' objections to defendant's motion for summary judgment or (2) whether plaintiffs' proposed expert's letter and subsequent affidavit were sufficient to comply with Supreme Court Rule 191(a) (107 Ill. 2d R. 191(a)), thereby creating a genuine issue of material fact.

According to plaintiffs' complaint, Mary Solon was referred to Dr. Godbole on May 5, 1983, for a condition later diagnosed as "well differentiated squamos cell carcinoma of the left upper lobe." Dr. Godbole performed a left upper lobectomy on May 10, 1983. Dr. Godbole saw Mary Solon for follow-up care and treatment on May 27, 1983, July 6, 1983, October 10, 1983, November 7, 1983, and January 20, 1984. On the October 10, 1983, visit, Dr. Godbole's notes referred to a "swollen area" on plaintiff's left chest wall. A biopsy performed on January 24, 1984, confirmed that the cancer had metastasized to the left chest wall. Mary Solon was subsequently seen at the Mayo Clinic, where surgery was performed for removal of the cancer.

On May 10, 1985, the plaintiffs filed a medical malpractice complaint against defendant. The gist of the complaint is that defendant was negligent in his patient's follow-up care in that he did not take the proper measures necessary to diagnose her condition and rule out a metastasis to her left chest wall until January 24, 1984, and that a reasonably prudent physician or surgeon practicing in the Princeton, Illinois, area would have done a biopsy much sooner than did defendant.

On July 8, 1985, the trial court entered a certification order whereby plaintiffs were required to complete written discovery by October 14, 1985, to depose all parties and nonexperts by December 30, 1985, and to disclose their experts by January 30, 1986. A second certification order was filed January 23, 1986, extending the time for the parties to be deposed and further requiring plaintiffs to identify their experts by July 30, 1986. Plaintiffs failed to disclose any expert before July 30, 1986.

On September 17, 1986, the defendant moved for summary judgment on grounds that by failing to disclose an expert, the plaintiffs had not established the requisite standard of care. Attached to the motion was an affidavit of defendant which outlined the qualifications of the defendant, the care provided to Mary Solon, and further stated that such care was in keeping with the standard which would be used by a surgeon in similar cases in the Princeton, Illinois, and Bureau County medical community.

Plaintiffs filed their objections to motion for summary judgment, stating generally that (1) defendant's affidavit was incomplete for failing to mention his office notes of October 10, 1983, wherein the statement "rule out metastic area to chest wall" was written in reference to a painful lump; (2) it is possible for plaintiff to extract enough admissions from defendant under section 60 (Ill. Rev. Stat. 1975, ch. 110, par. 60, now Ill. Rev. Stat. 1985, ch. 110, par. 2—1102) cross-examination to meet the requirement of expert testimony; (3) it was common knowledge among lay persons that a lump should be biopsied to determine whether it was cancerous and that many cancer patients have a recurrence of cancer shortly after it is initially cured; and (4) Dr. Godbole's own notes indicate negligent conduct in waiting until January 24, 1984, to perform the biopsy and that a lay person could readily identify the negligence. Plaintiffs attached defendant's office notes of October 10, 1983, to their objections.

A hearing was held on the motion for summary judgment on October 17, 1986, and the trial court took the matter under advisement. Plaintiffs subsequently filed a motion for continuance and extension of time to obtain an expert and stated therein that plaintiffs had been relying on potential co-counsel in Chicago to supply plaintiffs' expert up until October 16, 1986. Immediately thereafter plaintiffs began searching for an expert and on October 27, 1986, received a favorable reply from Dr. Howard L. Ravenscraft (Dr. Ravenscraft) for the purpose of giving expert testimony in the case. Attached to plaintiffs' motion was the letter from Dr. Ravenscraft and plaintiffs' counsel's affidavit stating that he had relied upon potential co-counsel for supplying

an expert witness and shortly after potential co-counsel would not do so, Dr. Ravenscraft was contacted.

Defendant's response to plaintiffs' motion for continuance and extension of time to obtain an expert stated generally that plaintiffs were not diligent in obtaining an expert, that plaintiffs' proposed expert was unqualified to testify as to the appropriate standard of care to be used by defendant, and that the plaintiffs' filings failed to comply with Supreme Court Rule 191(a).

On December 10, 1986, plaintiffs filed a motion for leave to attach medical report to objections to motion for summary judgment wherein plaintiffs sought to attach a report received from Dr. Ravenscraft, dated November 10, 1986, that concluded defendant was negligent in his care of Mary Solon. Plaintiffs' motion further argued that Dr. Ravenscraft was competent to testify as to the care provided by defendant as both surgeons and general practitioners are licensed under the Medical Practice Act (Ill. Rev. Stat. 1985, ch. 111, par. 4401 *et seq.*); further, that Dr. Ravenscraft meets the requirements of section 8—2501 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 8—2501) for determining when a witness qualifies as an expert witness who can competently testify as to an appropriate standard of care.

On December 19, 1986, the trial judge, Honorable James J. Wimbiscus, delivered a letter opinion allowing defendant's motion for summary judgment. Judge Wimbiscus stated that although Dr. Ravenscraft qualifies as a competent expert witness, plaintiffs had not submitted anything in objection to defendant's motion which complied with Supreme Court Rule 191(a). Defendant's attorney was to prepare the order. Prior to the order, however, plaintiffs, on December 29, 1986, filed the affidavit of Dr. Ravenscraft which stated that he had firsthand knowledge of the matters contained in his report of November 6, 1986, and that all of the matters contained within his report were true and correct upon his best information and belief. Judge Wimbiscus, however, signed the proposed order and it was filed on December 31, 1986.

■■ On February 25, 1987, plaintiffs filed a motion to vacate order granting summary judgment asserting that the subsequent affidavit of Dr. Ravenscraft cured any defect of his November 6, 1986, report for Rule 191(a) purposes. Moreover, plaintiffs cautioned the trial court that it should be extremely hesitant in entering summary judgment when due to the reluctance of one member of the medical profession to testify against another. Only when a plaintiff has had extensive opportunities, but has failed to demonstrate defendant's negligence, should

summary judgment issue. *Hansbrough v. Kosyak* (1986), 141 Ill. App. 3d 538, 490 N.E.2d 181.

By order dated March 9, 1987, Judge Wimbiscus denied plaintiffs' motion to vacate order granting summary judgment stating that plaintiffs still had not complied with Illinois Supreme Court Rule 191(a), and that, moreover, plaintiffs had been afforded a reasonable opportunity to establish a medical malpractice claim by expert testimony.

An order for summary judgment made pursuant to Illinois Code of Civil Procedure, section 2—1005 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005), shall be rendered if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Affidavits in support thereof "shall be as provided by rule." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(e).) Illinois Supreme Court Rule 191(a) (107 Ill. 2d R. 191(a)) establishes the requirements for affidavits filed under section 2—1005 of the Code of Civil Procedure:

> "Affidavits in support of and in opposition to a motion for summary judgment *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." 107 Ill. 2d R. 191(a).

Defendant's motion for summary judgment had attached thereto his own affidavit indicating that the care he provided to Mary Solon was in accord with the standard which would be used by a surgeon in similar circumstances. Plaintiffs, however, initially attack the sufficiency of defendant's affidavit, asserting that said affidavit is inconsistent with office notes.

In *Taylor v. City of Beardstown* (1986), 142 Ill. App. 3d 584, 491 N.E.2d 803, the court stated the well-established law that a defendant-doctor may submit his own affidavit as evidence of the applicable standard of care in support of a motion for summary judgment, which must be contradicted by the plaintiff to avoid entry of summary judgment in favor of the defendant. (See also *Goldstein v. Kantor* (1981), 101 Ill. App. 3d 264, 427 N.E.2d 1322; *Prather v. Decatur Memorial Hospital* (1981), 95 Ill. App. 3d 470, 420 N.E.2d 810; *Hill v. Lutheran Hospital* (1978), 58 Ill. App. 3d 1003, 374 N.E.2d 1147.) We believe defendant's affidavit is sufficient for summary judgment pur-

poses. Therefore, our inquiry must focus on whether plaintiffs introduced evidence which sufficiently contradicted defendant's opinion of his compliance with the standard of care in the community.

Generally, a medical malpractice plaintiff will use expert medical testimony to establish a breach of the applicable standard of care. However, a plaintiff may proceed to trial without an expert "(1) where the theory is 'res ipsa loquitur,' (2) where the plaintiff intends to call and question the defendant under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60) [now Ill. Rev. Stat. 1985, ch. 110, par. 2—1102], or (3) when the plaintiff believes the negligence will be obvious to the jurors." *Plost v. Louis A. Weiss Memorial Hospital* (1978), 62 Ill. App. 3d 253, 258, 378 N.E.2d 1176, 1180.

Plaintiffs failed to allege *res ipsa loquitur* in their pleadings and thus that remedy is not available. However, plaintiffs argue that their attack on the sufficiency of defendant's affidavit in their objections to motion for summary judgment showed an intention to use section 60 cross-examination as the method of showing negligence. We disagree. Although plaintiffs do assert that section 60 cross-examination would meet the requirement of establishing a *prima facie* case, nothing has been shown that contradicts defendant's affidavit. The statement by plaintiffs that since a biopsy was the proper procedure on January 24, 1984, it follows that a biopsy was the proper procedure on October 10, 1983, rests, in our opinion, on the belief that a lay person could make such a determination. We disagree with plaintiffs' assertion that it is within the common knowledge of a lay person to diagnose and treat a metastasis of squamous cell carcinoma. Plaintiffs' bare assertions of negligence are not sufficient to create a genuine issue of material fact.

Lastly, plaintiffs argue that the letter, report and subsequent affidavit of Dr. Ravenscraft are sufficient to comply with Supreme Court Rule 191(a). It is clear to us that Dr. Ravenscraft's letter and report are insufficient to comply with Rule 191(a). Thus, the particular question is whether Dr. Ravenscraft's subsequent affidavit verifying his report of November 6, 1986, does comply with the technical requirements of Rule 191(a). We will not focus on whether Dr. Ravenscraft is competent to testify as an expert, but note that the trial court believed he was competent and we see no reason to disagree.

Dr. Ravenscraft's affidavit stated generally that he had personal and firsthand knowledge of the matters contained in his report of November 6, 1986, and that all matters and opinions therein are true and correct upon his best information and belief. The actual report, how-

ever, was not sworn or certified, nor was it in affidavit form.

Supreme Court Rule 191(a) requires that affidavits "shall have attached thereto sworn or certified copies of all papers upon which the affiant relies *** [and shall consist of] facts admissible in evidence." (107 Ill. 2d R. 191(a).) Plaintiffs' piecemeal attempt to conform with Supreme Court Rule 191(a) is insufficient. The report relied upon is not sworn or certified and is not attached to the affidavit. The affidavit relied upon is also insufficient in that it does not consist of facts admissible as evidence. An affidavit in support of a motion for summary judgment is a substitute for testimony at trial. (*Fooden v. Board of Governors of State Colleges and Universities* (1971), 48 Ill. 2d 580, 272 N.E.2d 497.) We believe that strict compliance with Supreme Court Rule 191(a) is necessary to insure that trial judges are presented with valid evidentiary facts upon which to base a decision.

■ Therefore, "where such well alleged facts are not contradicted by counteraffidavit, they must be taken as true, notwithstanding the existence of contrary averments in the adverse party's pleadings which merely purport to establish *bona fide* issues of fact." (*Fooden*, 48 Ill. 2d at 587, 272 N.E.2d at 500-01.) See also *Renieris v. Village of Skokie* (1967), 85 Ill. App. 2d 418, 229 N.E.2d 345; *Murphy v. Cory Pump & Supply Co.* (1964), 47 Ill. App. 2d 382, 197 N.E.2d 849.

Plaintiffs have failed to present sufficient evidence regarding defendant's breach of the applicable standard of care in his treatment of Mary Solon. Plaintiffs have had ample opportunity to comply with Supreme Court Rule 191(a). We are also not sympathetic to plaintiffs' misguided reliance on potential co-counsel who was to retain an expert witness. Although plaintiffs assert that the lack of an expert witness was first discovered on October 16, 1986, we note that two orders had been previously entered requiring plaintiffs to disclose an expert, the first being roughly nine months and the second being roughly three months prior to October 16, 1986. Plaintiffs ought to have become aware of the lack of an expert witness pursuant to one of those orders.

Plaintiffs' appeal of the trial court's denial of their motion to vacate summary judgment is likewise denied for the same reasons as their appeal of the summary judgment order.

For all of the above reasons, the decision of the trial court is affirmed.

Affirmed.

WOMBACHER and HEIPLE, JJ., concur.