RITA GORDON *et al.*, Plaintiffs-Appellants, v. SUDAHYL NASR *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—88—0087

Opinion filed May 5, 1989.

Barry D. Goldberg, of Goldberg & Goldberg, and David A. Novoselsky & Associates, both of Chicago (David A. Novoselsky, of counsel), for appellants.

Cassiday, Schade & Gloor, of Chicago (Bradford D. Roth and Michael J. Cucco, of counsel), for appellees.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

This appeal by plaintiffs Rita and Vincent Gordon concerns various orders entered in a medical malpractice case by two trial courts. The orders barred testimony by plaintiffs' medical experts, granted summary judgment in favor of defendants, and denied plaintiffs' motion to reconsider the previously entered orders. The following facts are pertinent to this appeal.

In 1979, Rita Gordon received certain care and treatment at the Illinois State Psychiatric Institute where she was initially diagnosed as having acute schizophrenia. Approximately five days later, it was discovered that she had viral encephalitis and she was transferred to another hospital. Plaintiffs, Rita and her husband Vincent, subsequently filed a medical negligence action against 32 defendants in 1980; only 16 defendants were remaining at the time the orders appealed from were entered.

In December 1982, defendants moved to compel plaintiffs to disclose their expert witnesses or, alternatively, to bar expert testimony at trial. The motion was continued and transferred to a "fast track" court whereupon, on March 9, 1983, Judge William A. Kelly ordered all discovery completed by August 1, 1983. On August 22, 1983, Judge Kelly ordered plaintiffs to disclose their expert witnesses by October 1, 1983, and ordered all discovery to be completed by April 1, 1984. Plaintiffs did not obtain an expert by the deadline, and on May 9, 1984, a hearing was held on defendants' motion to bar any plaintiff expert testimony. On that date, Judge Kelly entered an order barring such testimony.

Three years later (April 1987), defendants filed a motion for summary judgment. The motion was transferred to Judge Edwin M. Berman, and a hearing date was continued several times until August 12, 1987. At that time, plaintiffs had not yet filed any responses or briefs to the summary judgment motion and informed the court that they were not ready. Judge Berman refused to grant another continuance and, after oral arguments, granted defendants' motion for summary judgment which was supported by affidavits of

two medical experts who opined that defendants' care and treatment of Rita Gordon had met the applicable standard of care.

Subsequently, plaintiffs timely moved to vacate and reconsider the August 12 order. On September 12, a hearing was held on plaintiffs' motion, at which time they sought leave to file a response to defendants' summary judgment motion which had already been ruled on and, also, for leave to file affidavits of two medical experts. When reminded of Judge Kelly's order barring expert testimony, plaintiffs informed Judge Berman of their intent to seek vacatur of that order. Judge Berman then continued the hearing on plaintiffs' motion to vacate and reconsider his summary judgment order. After plaintiffs obtained several continuances in both courts, Judge Kelly denied their last continuance request in November 1987. On December 3, plaintiffs filed an affidavit of a third doctor not named in their motion filed in September. On December 4, 1987, Judge Berman denied plaintiffs' motion for reconsideration and also struck the affidavit of plaintiffs' expert.

Plaintiffs appealed the August 12 summary judgment order and that portion of the December 4 order denying their motion for reconsideration. In this appeal, plaintiffs allege that the trial court's summary judgment order was improperly based on Judge Kelly's discovery sanction order, that Supreme Court Rule 220 (107 Ill. 2d R. 220) does not mandate dismissal with prejudice for failure to comply with discovery orders, and that Judge Berman abused his discretion under Rule 220 by upholding Judge Kelly's order. Based on Illinois discovery rules and case law, we must affirm the trial court.

In essence, the issue in this appeal is whether the summary judgment order was a sanction upon a sanction and did the trial court therefore abuse, or not exercise at all, its discretion in refusing to reconsider that order.

It is well settled that summary judgment is proper where the pleadings, depositions, and affidavits on file establish there is no genuine issue of material fact and, when no conflicting affidavits and depositions have been filed, the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) Failure to file counteraffidavits leaves an opponent of a summary judgment motion at risk since assertions in the movant's affidavit must be taken as true even though the opponent's pleadings contain contrary assertions. (*Eberle v. Brenner* (1985), 131 Ill. App. 3d 394.) In medical malpractice cases, a plaintiff must present expert medical testimony to establish the duty of care and breach thereof. (*Purtill*

*v. Hess* (1986), 111 Ill. 2d 229.) Plaintiffs appear to be asking this court to ignore these rules. Judge Berman had before him a motion for summary judgment accompanied by two affidavits of medical experts stating that defendants had met the applicable standard of care. Plaintiffs did not respond to the summary judgment motion in any manner. Under these circumstances, the trial court properly granted summary judgment.

Plaintiffs' argument that Judge Berman granted summary judgment based on Judge Kelly's previous discovery sanction is without merit. According to the statutory rules regarding motions for summary judgment, the court had no option but to grant it under these circumstances. (See Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.) During the reconsideration hearing, Judge Berman stated, "I didn't state from the bench that I am granting the summary judgment because Judge Kelly barred you." He then continued, "What I said was you haven't—you are unable to present an affidavit, therefore, there is nothing for any—no reason to go any further." In other words, since there was no counteraffidavit, or any counterevidence, summary judgment was appropriate.

Plaintiffs' argument that it was an abuse of discretion to refuse to reconsider the summary judgment is similarly flawed. Several of their contentions are based on the application and scope of Rule 220. However, it must be noted, as defendants point out, that Rule 220 did not apply to Judge Kelly's order barring plaintiffs from using expert testimony. Rule 220 went into effect on October 1, 1984, five months after entry of the sanction order. Defendants' motion for sanction apparently was made pursuant to section 2—1003(c) of the civil practice rules (Ill. Rev. Stat. 1981, ch. 110, par. 2—1003(c)), which provides that a party can file a motion to compel disclosure of expert witnesses a sufficient time prior to trial so as to allow adequate preparation of the case by other parties.

Plaintiffs rely on *Addison v. Whittenberg* (1987), 159 Ill. App. 3d 585, for the proposition that Rule 220 does not operate to bar a plaintiff's action if it is not followed; it merely prohibits plaintiffs' experts from testifying at trial if they are not disclosed. However, our supreme court, in reversing *Addison*, found that Rule 220 was not relevant in determining whether summary judgment was appropriate. (*Addison v. Whittenberg* (1988), 124 Ill. 2d 287, 295.) The supreme court noted that even if Rule 220 were to preclude a party from introducing trial material, it had nothing to do with making the existence of a genuine issue of material fact any more or less certain for purposes of determining a summary judgment motion.

(*Addison,* 124 Ill. 2d at 296.) It was also stated that it is acceptable for a party to offer substitutes, *e.g.,* professional guides, for expert testimony in establishing a *prima facie* case of medical malpractice. In any event, plaintiffs' case was not dismissed as a sanction for failure to comply with discovery rules; it was dismissed on summary judgment (as to the present defendants) as a result of plaintiffs' failure to present, or even attempt to present, a *prima facie* case of medical negligence.

Relying on *Balciunas v. Duff* (1983), 94 Ill. 2d 176, plaintiffs assert that Judge Berman converted and expanded Judge Kelly's order to one that effectively dismissed plaintiffs' complaint. The record indicates, however, that Judge Berman merely ruled on defendants' motion for summary judgment on the basis of the evidence properly before the court. Since there was no genuine issue of material fact shown by that evidence, summary judgment was proper.

■ Plaintiffs' arguments as to why Judge Berman abused his discretion in denying their motion for reconsideration appear to focus on the court's failure to reconsider Judge Kelly's 1984 sanction order. This argument rests on the premise that the summary judgment order was, in reality, a sanction on a sanction. We have already held that this is not the case. Plaintiffs' other theories are based on Supreme Court Rule 220. (107 Ill. 2d R. 220.) Even assuming that Rule 220 did apply to Judge Kelly's sanction order, and we have already held that it did not, this court in *Castro v. South Chicago Community Hospital* (1988), 166 Ill. App. 3d 479, has responded negatively to plaintiffs' arguments. Moreover, the *Castro* court held that it is entirely proper for a court to set a cutoff date for disclosure of experts more than 60 days before trial.

■ The facts in this case show that 3½ years had elapsed between the sanction order and Judge Berman's denial of plaintiff's reconsideration motion. During that time, plaintiffs never attempted to vacate Judge Kelly's order. Then, after summary judgment was granted, Judge Berman exercised his discretion in granting plaintiffs another four months in which they could vacate the sanction order. After having granted plaintiffs two continuances, Judge Kelly refused to grant another one, and the sanction was never vacated. Actually, plaintiffs never did file a motion to vacate before either Judge Kelly or Judge Berman. Moreover, as Judge Berman noted, plaintiffs never tried to seek relief from the sanction order through several available procedural means nor did they attempt to present any evidence at all to support their claim.

Under these circumstances, we find not a scintilla of abuse of

discretion by the trial court in refusing to reconsider either the summary judgment motion or the 1984 discovery sanction order.

Accordingly, both orders of the trial court (Judge Berman) are affirmed.

Affirmed.

PINCHAM and LORENZ, JJ., concur.