ELIZABETH BRANDEIS, a Minor, by Arlene Brandeis, her Mother and Next Friend, *et al.*, Plaintiffs-Appellants, v. IRA SALAFSKY, Defendant-Appellee.

First District (6th Division) No. 1—89—3471

Opinion filed November 9, 1990.

32

Gordon & Gordon, Ltd., of Chicago (Robert E. Gordon, of counsel), for appellants.

Wildman, Harrold, Allen & Dixon, of Chicago (Ruth E. VanDemark, Leonard S. Kurfirst, and Mary Elisabeth Ruether, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs appeal from the trial court's award of summary judgment in favor of defendant Dr. Ira Salafsky.

This medical malpractice action was filed on August 13, 1985, on behalf of Elizabeth Brandeis, a minor, by her mother, Arlene Brandeis. The minor's parents, Alvin and Arlene, sued as individual plaintiffs. Plaintiffs alleged that Dr. Salafsky, along with other defendants, including North Suburban Pediatrics S.C., Leonard T. Carr, M.D., North Suburban Psychiatric Associates, Ltd., Jeffrey Teich, M.D., David Engels, M.D., Steven A. Lipschultz, M.D., and Evanston Hospital, negligently treated the 12-year-old minor from January 24, 1985, through March 17, 1985, for a condition involving persistent regurgitation.

Plaintiffs alleged that during the course of the hospitalization and treatment, defendants incorrectly concluded that Elizabeth's condition was psychological and failed to consider a physiological basis for her condition. Plaintiffs further alleged that as a result of a behavioral modification treatment program prescribed by the defendants, the patient suffered an aggravation of a preexisting condition, internal and external injuries, and mental distress. The parents' amended complaint alleged the loss of their daughter's society and companionship.

On December 6, 1985, defendants Dr. Salafsky and North Suburban filed interrogatories requesting plaintiffs to identify any consulting experts they expected to call at trial. Plaintiffs' original counsel was substituted on March 18, 1986. In April 1987 and May 1987, respectively, plaintiffs responded that no expert had been consulted or retained for trial.

Dr. Salafsky filed a motion for summary judgment on December 23, 1987. He attached the affidavit of Dr. William H. Dietz, a pediatrician specializing in nutrition, which stated that Dr. Salafsky's treatment of the minor patient conformed with the applicable standard of care. On March 10, 1988, the first hearing date, the motion judge ordered plaintiffs to name their expert and respond to defendant's summary judgment motion by May 15, 1988.

In the meantime, the case appeared on the pretrial calendar. On October 22, 1987, the pretrial judge continued the case to January 20, 1988. At the next pretrial date, April 25, 1988, the judge ordered that plaintiffs be allowed to depose Dr. Salafsky, which proceeded as scheduled on July 1, 1988. On July 26, 1988, the case was set for pretrial

on December 2, 1988. On September 8, 1988, defendants propounded interrogatories to plaintiffs.

At the next summary judgment hearing before Judge Lassers on July 25, 1988, plaintiffs requested an additional 28 days to respond. Judge Lassers continued the motion to September 19, 1988, and gave them until September 2 to respond. On September 14, 1988, plaintiffs filed an emergency motion for more time to respond to the summary judgment motion. According to plaintiffs, they needed 90 additional days because they believed that Elizabeth had Ehlers-Danlos Syndrome, an uncommon organic disease that manifests itself as an eating disorder, and that she should have been tested for this disease. Plaintiffs' counsel indicated that a trained medical person on his staff had been researching the disease for two months and had been in contact with various university professors across the nation, attempting to define their case and locate an expert. Judge Lassers granted plaintiffs 60 additional days to respond to the summary judgment motion and set the case for status on November 14, 1988.

On November 14, plaintiffs again requested an extension to respond to the interrogatories and the summary judgment motion. Plaintiffs' counsel stated that although his staff was in contact with two pediatricians from the Ehlers-Danlos Foundation, these doctors could not yet render an opinion. Counsel indicated that they would be able to formulate a theory of the case "within a relatively short period of time." Judge Lassers granted a 90-day extension and placed the case on his February 1989 call.

Meanwhile, the pretrial judge ordered plaintiffs to identify their expert witness by July 24, 1989. Defendant moved to bar plaintiffs from naming an expert at trial on the ground that despite repeated extensions of time, plaintiffs failed to disclose their experts as ordered by the court on November 14, 1988. On March 29, 1989, Judge Lassers ordered plaintiffs to identify experts by July 24, 1989, paralleling the pretrial judge's order, and specifically indicating that this continuance for the identification of experts was final. On July 24, 1989, the pretrial judge granted the motion of defendants Drs. Salafsky, Engels, Carr, Teich and Evanston Hospital to bar plaintiffs from naming Rule 220 (107 Ill. 2d R. 220) experts.

At the July 31 hearing on defendant's summary judgment motion, plaintiffs' attorney failed to appear. Defense counsel informed Judge Lassers that the pretrial judge had barred plaintiffs from naming experts. Defense counsel requested that the court grant summary judgment to Dr. Salafsky, clarifying that the motion was substantive and was supported by an affidavit from Dr. Dietz which alleged that

defendant did not act negligently. Judge Lassers granted summary judgment in favor of Dr. Salafsky, but ordered defense counsel to file an additional motion to make the order final and appealable according to Supreme Court Rule 304(a)(107 Ill. 2d R. 304(a)).

Plaintiffs filed a motion to vacate the summary judgment order on August 14, 1989. On August 23, 1989, Judge Lassers heard Dr. Salafsky's motion to make the summary judgment order final and appealable and plaintiffs' motion to vacate the summary judgment order. Plaintiffs' counsel indicated that although he had an expert, he did not yet have an opinion because he gave the records to his expert only a week before. Again, plaintiffs requested a continuance of their motion. Plaintiffs' counsel suggested that Judge Lassers postpone his decision until the pretrial judge decided plaintiffs' motion to vacate, which was set for September 19, 1989. Judge Lassers subsequently continued the motions before him to October 5, 1989, and then to November 15, 1989.

Meanwhile, on November 13, 1989, after continuing plaintiffs' motion to vacate the order barring experts, the pretrial judge granted plaintiffs until November 28, 1989, to answer the Rule 220 interrogatories regarding experts. However, on November 15, 1989, the parties again appeared before Judge Lassers for continued hearings regarding the summary judgment. Plaintiffs' counsel explained that the pretrial judge had granted plaintiffs 15 additional days to answer defendants Rule 220 interrogatories and requested that Judge Lassers further continue the matter until after that date. Again, counsel stated that although he now had an expert, he still had no opinion regarding Dr. Salafsky's negligence. The court concluded that plaintiffs had received enough time and granted Dr. Salafsky's request to make the summary judgment order final and appealable.

On appeal, plaintiffs contend that the grant of summary judgment was improper. Plaintiffs essentially make three arguments: First, plaintiffs contend that the order granting summary judgment was a discovery sanction and, as such, was an excessive penalty. Plaintiffs also argue that summary judgment in favor of Dr. Salafsky was improper because the delays in the discovery process were caused by harassment and intimidation by defense counsel. Finally, plaintiffs argue that the motion judge failed to consider Dr. Salafsky's deposition prior to granting the order. We conclude, however, that summary judgment was neither granted as a discovery sanction against plaintiffs nor was it granted improperly.

■ Disposition of a medical malpractice case through summary judgment is appropriate when no genuine issue of material fact re-

mains to be resolved. (*Bennett v. Raag* (1982), 103 Ill. App. 3d 321, 431 N.E.2d 48.) In considering whether summary judgment should be granted, the court must consider the pleadings, depositions, admissions and the affidavits, if any, to determine whether a genuine issue as to any material fact remains or whether the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) In a medical malpractice case, after a defendant files a summary judgment motion and affidavit which establishes that he was not negligent, "it is incumbent on the plaintiff to substantiate his allegations through expert testimony." (*Diggs v. Suburban Medical Center* (1989), 191 Ill. App. 3d 828, 834, 548 N.E.2d 373, 377-78.) As our supreme court stated in *Borowski v. Von Solbrig* (1975), 60 Ill. 2d 418, 423, 328 N.E.2d 301, 304-05:

> "[T]he plaintiff, by the use of expert testimony, must establish the standards of care against which the defendant doctor's conduct is measured. The plaintiff must then further prove by affirmative evidence that, judged in light of these standards, the doctor was unskillful or negligent and that his want of skill or care caused the injury to the plaintiff."

 We first address plaintiffs' contentions that summary judgment was granted as a discovery sanction for plaintiffs' failure to comply with the court's numerous discovery orders and that they needed the depositions of all defendants before they could adequately respond to Dr. Salafsky's summary judgment motion. We agree that granting summary judgment as a discovery sanction would be improper, especially given the more appropriate sanctions authorized by Rule 219(c). (107 Ill. 2d R. 219(c); *Kubian v. Labinsky* (1988), 178 Ill. App. 3d 191, 533 N.E.2d 22.) However, we conclude that the trial court properly granted summary judgment in this case because plaintiffs failed to respond and, thus, failed to raise any genuine issue of material fact as to Dr. Salafsky's alleged negligence.

In *Gordon v. Nasr* (1989), 182 Ill. App. 3d 964, 538 N.E.2d 843, a medical malpractice case, Judge Kelly barred plaintiffs from naming expert witnesses 3½ years before defendants filed their summary judgment motion. After several continuances, Judge Berman granted the motion for summary judgment. Plaintiffs had not responded to the summary judgment motion and informed Judge Berman that they were not ready to respond. The record shows that before granting summary judgment, the judge clarified that the award was based on plaintiffs' failure to respond and was not a discovery sanction. Judge Berman later denied plaintiffs' motion to vacate and reconsider.

On appeal, plaintiffs argued that Judge Berman's summary judg-

ment order was improperly based on Judge Kelly's order barring plaintiff's experts, a discovery sanction, and, as such, was an abuse of discretion. This court rejected the argument concluding that summary judgment was not granted as a discovery sanction, but rather because plaintiffs failed to present a *prima facie* case of negligence. The court concluded that, in fact, the trial judge had "no option" (*Gordon*, 182 Ill. App. 3d at 967, 538 N.E.2d at 845), but "merely ruled on defendants' motion for summary judgment on the basis of the evidence properly before the court." (*Gordon*, 182 Ill. App. 3d at 968, 538 N.E.2d at 846.) Since the evidence failed to demonstrate a genuine issue of material fact, we affirmed the summary judgment.

*Gordon* is apposite to this case. Here, 23 months passed from the date the summary judgment motion was originally filed until it was made final and appealable. During this time, plaintiffs failed to respond to defendant's motion and affidavit and, thus, failed to establish any genuine issue of material fact as to his alleged negligence. As in *Gordon*, the trial judge in the present case simply ruled on defendant's motion for summary judgment based on the evidence before him.

Indeed, the record demonstrates that the court granted summary judgment as a substantive motion, not as a discovery sanction. At the July 31, 1989, hearing, at which summary judgment was granted, defense counsel informed the judge that the pretrial judge had barred plaintiffs from naming any expert at trial. The following dialogue ensued:

"THE COURT: Well, you don't need any more orders from me.

MR. KURFIST [Defendant's attorney]: Well, the order I would request would be granting our motion for summary judgment with the final language so I can go ahead and close out the case as far as my client is concerned.

THE COURT: Well, failure today of the expert may bar them, but it's not a substative [*sic*] motion, is it?

MR. KURFIST: Well, what happened, your Honor, initially it was a substative [*sic*] motion. It is a motion for summary judgment that was—.

THE COURT: On what basis?

MR. KURFIST: On the basis that we have experts who have signed affidavits attesting.

THE COURT: I see, there was no negligence?

\* \* \*

THE COURT: I tell you what I will do. I will grant your

motion for summary judgment. You want 304(a) language, come in separately."

The above dialogue shows that the judge clarified before granting summary judgment that it was a substantive motion, not a discovery sanction. Thus, although the pretrial judge's order barring plaintiff's experts was a discovery sanction, the summary judgment was not.

Plaintiffs also argue that they could not respond until they deposed all defendants, contending that given the interrelatedness of defendants' conduct, plaintiffs needed these depositions to determine whether Dr. Salafsky met the requisite standard of care. In fact, during the pendency of the summary judgment motion, plaintiffs never indicated to the court that they could not respond without all the defendants' depositions.

Moreover, in *Addison v. Whittenberg* (1988), 124 Ill. 2d 287, 529 N.E.2d 552, plaintiff named four treating doctors as expert witnesses, pursuant to Rule 220 interrogatories. The defendants filed summary judgment motions and attached experts from the four doctors' depositions, in which each doctor testified that he had no opinion as to the defendants' care of the patient and had not reviewed the medical records. In response to defendants' summary judgment request, the plaintiff filed his attorney's affidavit which stated that the attorney intended to call another doctor at trial, but did not indicate that the doctor had any opinion as to the defendants' negligence. Following a hearing, the trial court granted the defendants' motion for summary judgment. The appellate court reversed, finding that a genuine issue of material fact existed. *Addison v. Whittenberg* (1987), 159 Ill. App. 3d 585, 512 N.E.2d 76.

The supreme court, however, reversed this court, stating, "[T]he possibility of further disclosures of expert opinion *** will [not] enable a party to avoid a summary judgment to which the movant is otherwise entitled at the time the motion is heard." (*Addison*, 124 Ill. 2d at 296, 529 N.E.2d at 556.) Rather, the court noted, the pleadings, depositions, admissions and affidavits on file are the basis for determining whether an issue of material fact, sufficient to prevent entry of summary judgment, exists.

The *Addison* analysis by the supreme court applies equally here. Whether plaintiffs could have named an expert witness within the 15 days granted by the pretrial judge is irrelevant. The motion judge properly granted summary judgment because plaintiffs still had not filed a response to Dr. Salafsky's summary judgment motion that raised a genuine issue of fact. Further, when the court made the order final and appealable 3½ months later, plaintiffs did not indicate

that they would be able to obtain an expert opinion to refute defendant's motion and affidavit. See *Hill v. Lutheran Hospital* (1978), 58 Ill. App. 3d 1003, 374 N.E.2d 1147; *Sanders v. Frost* (1969), 112 Ill. App. 3d 234, 251 N.E.2d 105.

■ We also reject plaintiffs' argument that the court should have reviewed Dr. Salafsky's deposition before granting summary judgment. Although a court must consider all pleadings, depositions, admissions on file and affidavits before determining whether a genuine issue of material fact exists (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c)), it is the plaintiffs' burden to respond to a motion for summary judgment. In this case, plaintiffs simply failed to meet their burden; they never responded. Indeed, Dr. Salafsky's deposition was never made a part of the record. As such, the trial court could not consider the deposition, nor should it be considered by this court on appeal. See *R.J.N. Corp. v. Connelly Food Products, Inc.* (1988), 175 Ill. App. 3d 655, 529 N.E.2d 1184.

■ Finally, we consider plaintiffs' argument, not raised in the trial court, that the court's obligation to protect minors supports reversal of summary judgment. Although we recognize the court's power and duty to protect minors' interests (*Leonard C. Arnold, Ltd. v. Northern Trust Co.* (1987), 116 Ill. 2d 157, 506 N.E.2d 1279), the record indicates that the court afforded plaintiffs ample time to respond and locate an expert. Judge Lassers granted plaintiffs five continuances in order to allow plaintiffs to respond to Dr. Salafsky's motion and to name experts. Further, the motion was granted almost four years after the complaint was filed, 19 months after summary judgment was sought, and did not become final and appealable until four months later.

For the foregoing reasons, the judgment of the circuit court of Cook County entering summary judgment in favor of Dr. Salafsky is affirmed.

Judgment affirmed.

LaPORTA, P.J., and EGAN, J., concur.