(No. 41450.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* FRANK MAMOLELLA, Appellant.

*Opinion filed January 29, 1969.—Rehearing denied March 25, 1969.*

WARD, J., took no part.

HARRY R. BOOTH, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE, THOMAS J. IMMEL, and ROBERT KARTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

On January 28, 1966, in the circuit court of Cook County, defendant was convicted of wagering in violation of section 28—1(a)(2) of the Criminal Code (Ill. Rev. Stat. 1965, ch. 38, par. 28—1) and fined $50. This judgment was affirmed by the appellate court on July 17, 1967, in *People* v. *Mamolella,* 85 Ill. App. 2d, 240, and leave to appeal to this court was denied. On January 26, 1968, defendant filed a petition pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 72) praying that his conviction be vacated and it is from a dismissal

of this petition without a hearing that defendant now appeals.

In the original trial the State presented evidence that a search warrant had been obtained for defendant's premises, that several scratch sheets were found on the premises and two in defendant's pocket, and that while there the police answered the telephone and several callers placed bets on horses. Defendant was represented by his privately retained attorney who cross-examined the State's witnesses and placed defendant on the stand in his own defense. Defendant's present attorney on this and his original appeal was retained about 18 days after his trial, but no post-trial motions were filed by either attorney. On his original appeal defendant challenged the constitutionality of the statute involved, the sufficiency of the evidence and the sufficiency of the complaint. No other issues were raised in that appeal.

In his present petition, which he would like to have considered as a post-conviction proceeding, defendant contends he was denied due process of law by reason of the incompetency of his original attorney in failing to question the legality of the search warrant or to demand production of the warrant, the complaint on which it was based and other police reports. He argues that if this had been done it would have been revealed that an extension telephone had been illegally used in procuring evidence for the issuance of the search warrant and that the testimony of the police officer would have been shown to be perjurious in that he accepted only three or four bets as opposed to the implications of his testimony that he accepted 40 or 50 of such calls. He charges the prosecutor with knowingly and intentionally permitting the suppression of the fact that most of the calls related to the legitimate business of defendant.

We find it imperative to say that we find no evidence whatever nor even any factual assertions in defendant's affidavit that would support these broad and unwarranted conclusions. To the contrary, the appellate court's opinion

in the original case expressly states that some of the callers ordered auto parts but other callers placed bets on horses. Apparently there was never any doubt in anyone's mind, including defendant and his counsel on this appeal, that the officer testified that some calls were received on business and some on wagering, and the fact that no one asked the officer to state comparative numbers falls far short of supporting a charge of perjury.

In any event, the rule is well established that it is not within the purpose of a section 72 proceeding, nor of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*), to have claims considered which could have been presented in the trial court and on direct review of a conviction. Such claims which might have been raised, but were not, are waived. In *People* v. *Doherty*, 36 Ill.2d 286, we held that questions involving an arrest without a warrant, a speedy trial, and alleged denial of due process by prosecutor's knowing use of perjured testimony, are all waived by failure to advance such questions in the trial court or upon direct review. (See also *People* v. *Lewis*, 22 Ill.2d 68.) Only where fundamental fairness requires it will the rule of waiver be relaxed. (*People* v. *Hamby*, 32 Ill.2d 291.) In the case before us we see no such circumstances that would invoke a relaxation of such rule. The defendant was represented by an attorney of his own choice and his failure, if any, to exercise care and skill in the trial of the case may not be properly advanced as a basis for reversing the original judgment. In *People* v. *Wallace*, 35 Ill.2d 620, we held that defendant's post-conviction petition to review a conviction of attempted robbery was properly denied without a hearing, despite defendant's claims of illegal arrest, improper interrogation without assistance of counsel prior to making incriminating statements, improper argument by prosecutor, and use of perjured testimony by State, where defendant was represented at trial by counsel of his own choice. (See also *People* v. *Morris*, 3 Ill.2d 437;

*People* v. *Anderson,* 31 Ill.2d 262.) Such rule is even more binding here where the charges are made through an attorney who had every opportunity himself to raise such questions either on post-trial motion or on direct review. To hold otherwise would only serve to prolong this proceeding interminably.

Finally, we find no error in the denial of defendant's petition for a change of venue in this proceeding. In the absence of a showing that defendant would be substantially prejudiced, the post-conviction petition should be heard by the same judge who rendered the original judgment. *People* v. *Sheppard,* 405 Ill. 79.

We find that defendant's allegations in his petition were insufficient to require a hearing and the judgment herein dismissing said petition is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.