OREST MRYSZUK, Plaintiff-Appellee, v. FLAVIO HOYOS, Defendant-Appellant.

First District (3rd Division)    No. 1—87—1352

Opinion filed May 13, 1992.

Robert Habib, of Chicago, for appellant.

Frederic N. Scovell III, of Simon, McClosky & Scovell, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Following an *ex parte* bench trial in which defense counsel failed to appear at the appropriate time, defendant appeals the trial court's denial of a motion to reconsider judgment. However, we find the trial court abused its discretion when it denied defendant's motion to vacate. Pursuant to Illinois Supreme Court Rule 366 (107 Ill. 2d R. 366), we reverse the trial court's decision as to defendant's motion to vacate and remand for new trial.

This litigation arises from an automobile accident plaintiff and defendant had in 1980. Plaintiff claims defendant ran a red light to hit his car; defendant counterclaims he was in the intersection waiting to turn when plaintiff hit him.

The long and uneven procedural history of this case includes a default judgment that plaintiff obtained in 1985 when defendant moved and his attorney never received his new address. However, defendant's section 2—1401 petition to vacate that judgment was granted, and after four requests for continuances by plaintiff, trial was finally set for February 18, 1987.

On the day of trial, defense counsel was detained in another court and missed the first two calls for defendant's case. On the third call, with defense counsel absent, the trial judge heard the case *ex parte* with only plaintiff testifying as to the cause of the accident.

Plaintiff testified that he was moving through a green light when defendant hit him. He also presented a verified affidavit that stated he incurred $2,120.95 in damages, and presented evidence as to those damages. The trial court entered judgment for plaintiff, awarding him $2,120.95.

Defendant's attorney had scheduled a hearing in Federal immigration court prior to defendant's trial call and was told that matter would conclude by 10:30 a.m., but it did not finish until 11:30 a.m. Counsel had previously instructed defendant to request the trial court to hold the matter until he arrived. While defendant was in the courtroom at the time his case was called, he was unfamiliar with courtroom procedure and so failed to make an appearance or otherwise make his presence known. When defense counsel did arrive, he waited until the trial court concluded its other business before asking leave to approach the bench, which the trial court refused.

On March 11, 1987, defendant filed a motion to vacate *ex parte* judgment entered February 18, 1987, and obtained a hearing date of March 23, 1987, which was continued to March 31, 1987. On March 31, 1987, the trial court entered an order denying defendant's motion to vacate and denying defendant's motion to reconsider judgment entered February 18, 1987. Defendant here appeals only the court's decision as to the motion to reconsider.

Plaintiff argues that the motion to reconsider was not timely filed and thus this court has no jurisdiction on appeal. However, we find that it was timely since the trial court signed the order, drawn up by plaintiff's attorney, which specifically denied both motions and the twice-reconstructed record provides no conclusive evidence that the motion to reconsider was not timely made.

Defendant does not argue on appeal that the trial court's judgment of February 17, 1987, should be vacated. Generally, such an omission would find defendant had waived that issue. However, we find that the

trial judge's action in denying defendant's motion to vacate was an abuse of discretion affecting defendant's substantial rights.

■ Under section 2—1203 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203), a party may file a motion after a judgment in a nonjury case within 30 days after the entry of the judgment and a timely filed motion stays enforcement of the judgment.

■ Whether to grant a post-trial motion is ordinarily within the discretion of the trial court. (*In re Marriage of Potter* (1980), 88 Ill. App. 3d 606, 609-10, 410 N.E.2d 999.) The purpose of a motion to vacate a judgment is to alert the trial court to errors it has made and to afford an opportunity for their correction. (*Sanborn v. Sanborn* (1979), 78 Ill. App. 3d 146, 396 N.E.2d 1192.) Whether a trial court has abused its discretion turns on whether the court's refusal to vacate "violates the moving party's right to fundamental justice and manifests an improper application of discretion." *Harris v. Harris* (1977), 45 Ill. App. 3d 820, 821, 360 N.E.2d 113.

■ The abuse of discretion standard for reviewing decisions made under section 2—1203 includes an inquiry as to "whether substantial justice is being done between the litigants and whether, under the circumstances of the case, it is reasonable to compel the other party to go to trial on the merits." *In re Marriage of Sheber* (1984), 121 Ill. App. 3d 328, 334, 459 N.E.2d 1056.

■ We find that the interests of fairness and justice compel the exercise of the equitable powers of this court to remand this case for new trial. While *Sheber* states that a movant is not required to show a meritorious defense or present a good excuse for failure to appear in court in order to obtain a vacatur, we find both of these factors present in defendant's case.

Defendant provided a meritorious defense and counterclaim that it was plaintiff who was negligent in proceeding through the intersection after the light turned green, because defendant was simply waiting for traffic to stop to complete his turn when plaintiff hit him.

The circumstances of the case also establish that defense counsel had a reasonable explanation for not appearing on time and was duly diligent in trying to rectify the situation. Defense counsel's late appearance was inappropriate, harmful to defendant's interests and showed poor planning. However, counsel's explanation of the circumstances surrounding the unfortunate situation was certainly unintentional and comprehendible.

Defense counsel explained that since the trial was continued on four earlier dates at plaintiff's behest, counsel was anxious to conclude

the litigation in his client's best interests, so agreed to February 18, 1987. Further, he stated that he made inquiries to the personnel of the Federal immigration court as to when he could expect to conclude proceedings there and was told that he would be done by 10:30 a.m.

Counsel also tried to allow for any unexpected lateness by instructing defendant to inform the court that he would be there shortly, which defendant, in his unfamiliarity with the court system, failed to do. Counsel explained that when he realized he would be late, he was unable to phone from the Federal court because there were no nearby telephones. As soon as possible, counsel phoned and instructed an associate to appear on defendant's behalf, but by then defendant's case had been heard. At most, defense counsel was one hour late.

We reverse because we find the trial court abused its discretion in denying defendant's motion to vacate judgment since defendant posed a meritorious position, plaintiff would suffer no hardship from vacatur and sufficient rational reasons existed for counsel's failure to appear on time.

We remand for new trial because we find that substantial justice was not done by the trial court's decision and that under the circumstances of the case, defendant is entitled to argue the merits.

Because we reach this decision, we need not determine the other issues raised in this case.

Reversed and remanded.

TULLY and CERDA, JJ., concur.