ANNA CLYMORE, Plaintiff-Appellant, v. LEONARD HAYDEN, Indiv. and as Agent of Blessing Hospital, *et al.*, Defendants-Appellees.

Fourth District   No. 4—95—0678

Opinion filed March 28, 1996.—Rehearing denied May 3, 1996.

Rick A. Gleason, of Rick A. Gleason & Associates, of Chicago, for appellant.

Gena J. Awerkamp, of Schmiedeskamp, Robertson, Neu & Mitchell, of Quincy, for appellee Blessing Hospital.

Jerry L. Brennan, of Keefe, Brennan & Brennan, of Quincy, for appellee Leonard Hayden, M.D.

JUSTICE STEIGMANN delivered the opinion of the court:

In April 1993, plaintiff, Anna Clymore, sued defendants, Leonard

Hayden, M.D. (Hayden), and Blessing Hospital (Blessing), for medical malpractice. In July 1995, the trial court granted defendants' motions for sanctions by dismissing the complaint with prejudice pursuant to Supreme Court Rule 219 (134 Ill. 2d R. 219).

Plaintiff appeals, arguing that the trial court erred by imposing the sanction of dismissal.

We affirm.

## I. BACKGROUND

In order to understand the context of this case when the trial court conducted the July 1995 hearing on defendants' motion for sanctions, a recitation of significant events in chronological order is required, as follows:

| | |
|---|---|
| April 30, 1993 | Plaintiff's counsel files a medical malpractice complaint, accompanied by an affidavit stating he had been unable to obtain a consultation with a health care professional, as required by section 2—622 of the Code of Civil Procedure (735 ILCS 5/2—622 (West 1992)). (The affidavit extends for 90 days the filing period for the required health professional's report (health report).) 735 ILCS 5/2—622(2) (West 1992). Plaintiff fails to file the health report within 90 days. |
| August 16, 1993 | Hayden files a motion to dismiss because of plaintiff's failure to file a timely health report. |
| September 1, 1993 | Blessing files a motion to dismiss because of plaintiff's failure to file a timely health report. |
| September 13, 1993 | The trial court conducts a hearing, grants plaintiff an extension (to September 27, 1993) to file a health report, and continues the hearing on defendants' motions to dismiss. |
| September 23, 1993 | Plaintiff files an amended complaint containing an inadequate health report. |
| September 28, 1993 | Plaintiff files a motion for leave to file an amended complaint and an amended health report. |
| October 4, 1993 | The trial court grants plaintiff leave to file a second-amended complaint and an amended health report within 10 days and continues the hearing on defendants' motions to dismiss to November 1, 1993. |

| | |
|---|---|
| October 14, 1993 | Plaintiff files a second-amended complaint and an amended health report, which asserts a cause of action against both Blessing and Hayden. Plaintiff also requests that the November 1 hearing on the motions to dismiss be continued, which the court grants. |
| December 20, 1993 | The trial court denies defendants' motions to dismiss. |
| December 23, 1993 | Hayden sends plaintiff a request for production of documents, to be answered within 28 days pursuant to Supreme Court Rule 214 (134 Ill. 2d R. 214). Plaintiff does not respond. |
| March 7, 1994 | Plaintiff files her third-amended complaint. |
| March 14, 1994 | Hayden files an answer to the third-amended complaint and a motion to compel plaintiff's compliance with the request for production. |
| April 1, 1994 | Plaintiff answers Hayden's request for production, without providing any explanation for the $2^1/2$-month delay or seeking an extension of time to file her response. Hayden subsequently withdraws his motion to compel. |
| March 22, 1994 | Blessing files a motion to dismiss count II of the third-amended complaint. |
| April 4, 1994 | The trial court grants plaintiff's request to continue the hearing on Hayden's motion to compel until April 18. |
| April 15, 1994 | The trial court grants plaintiff's request to continue the hearing until May 2. |
| May 27, 1994 | The trial court enters an order allowing Blessing's motion to dismiss count II and granting plaintiff 28 days to file an amended count II, which plaintiff files on June 24. |
| June 24, 1994 | Blessing serves plaintiff with interrogatories and a request for production of documents. Plaintiff fails to answer within 28 days, in violation of Supreme Court Rule 213(c) (134 Ill. 2d R. 213(c)). |
| July 8, 1994 | Hayden forwards interrogatories to plaintiff, which plaintiff fails to answer. |
| September 16, 1994 | Hayden files a motion to compel plaintiff to answer Hayden's interrogatories. |

| | |
|---|---|
| October 17, 1994 | The trial court grants Hayden's motion to compel and orders plaintiff to answer Hayden's interrogatories within 14 days. Plaintiff fails to answer. |
| November 23, 1994 | Hayden files a motion for sanctions because of plaintiff's failure to answer interrogatories. |
| December 8, 1994 | The court grants Hayden's motion for sanctions, awards Hayden $295 in attorney fees, and orders plaintiff to answer Blessing's interrogatories and request for production within 21 days and Hayden's interrogatories within 7 days. |
| December 15, 1994 | Plaintiff sends answers and objections to Blessing's interrogatories. |
| January 24, 1995 | Blessing replies to plaintiff's objections to the interrogatories; plaintiff's counsel fails to respond. |
| February 1995 | Hayden's counsel unsuccessfully attempts to contact plaintiff's counsel by telephone to schedule plaintiff's deposition. |
| February 21, 1995 | Because plaintiff's counsel fails to return his calls, Hayden's counsel sends him a letter stating that plaintiff's deposition will be scheduled for April 18, 1995, if such date was convenient. |
| March 2, 1995 | When plaintiff's counsel fails to respond to Hayden's counsel's letter, Hayden's counsel files a notice that plaintiff's deposition would be taken April 18, 1995. Neither plaintiff nor her counsel appears at the scheduled deposition. |
| April 21, 1995 | Blessing serves plaintiff's counsel with a second request for production. Plaintiff's counsel fails to respond. |
| April 24, 1995 | Blessing files a motion to compel answers to interrogatories. |
| May 5, 1995 | Plaintiff confesses Blessing's motion to compel answers to interrogatories to which plaintiff had objected in December 1994, and the trial court orders plaintiff to answer the interrogatories by May 24, 1995, warning that failure to comply "may result in sanctions and/or dismissal." Plaintiff fails to answer until May 30, 1995. |

May 5 and 12, 1995     Both defendants file motions for sanctions based on plaintiff's failure to appear at her deposition and for repeated noncompliance with court rules and orders.

July 25, 1995          After hearing argument and considering memoranda files by all parties, the trial court grants defendants' motions for sanctions pursuant to Supreme Court Rule 219 and dismisses plaintiff's complaint with prejudice.

## II. ANALYSIS

Plaintiff contends the trial court abused its discretion in dismissing this case with prejudice. In particular, plaintiff argues that (1) her failure to appear for her discovery deposition provided an insufficient basis for sanctions or dismissal, and (2) the court erred in considering litigation related to problems with her complaint when ruling on defendants' motion to dismiss.

■ The trial court has discretion to impose a particular sanction, and this court will not reverse absent a clear abuse of that discretion. *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 67, 651 N.E.2d 1071, 1081 (1995). In determining an appropriate sanction, the trial court must weigh the competing interests of the parties' rights to maintain a lawsuit against the necessity of accomplishing the objectives of discovery and promoting the unimpeded flow of litigation. *Sander*, 166 Ill. 2d at 68, 651 N.E.2d at 1081. A court is justified in dismissing a cause of action for failure to abide by court orders only when the party dismissed has shown a deliberate and contumacious disregard for the court's authority. *Sander*, 166 Ill. 2d at 68, 651 N.E.2d at 1081.

As previously outlined, during the two years of this litigation, plaintiff consistently and deliberately disregarded judicial authority by failing to comply with discovery requests and court rules. At every stage of this case, plaintiff's counsel has caused delay: (1) failing to timely file a health report; (2) filing an insufficient health report; (3) failing to timely answer a request for production, requiring the filing of a motion to compel; (4) failing to answer interrogatories, requiring the filing of a motion to compel; (5) failing to comply with the trial court's order to answer interrogatories, requiring the filing of a motion for sanctions; (6) failing to pay attorney fees ordered by the court as sanctions; and (7) failing to appear for deposition. Plaintiff not only failed to present any reasonable excuse for these delays, but until the July 1995 hearing on defendants' motions to dismiss, plaintiff did not bother to provide *any* excuse—reasonable or not. The

trial court based its dismissal on these repeated violations, and not on the single, egregious failure of plaintiff to attend her scheduled deposition.

We also note—although not necessary for our decision—that plaintiff's counsel continued this pattern of disregarding court rules before our court when he failed to timely file a docketing statement as required by Supreme Court Rule 312 (155 Ill. 2d R. 312). Plaintiff's counsel ultimately filed that statement only in response to this court's rule to show cause why this appeal should not be dismissed.

Where, as in this case, it is apparent that a party has wilfully disregarded the authority of the court and such disregard is likely to continue, the interests of that party in the lawsuit must bow to the interests of the opposing party. Sander, 166 Ill. 2d at 69, 651 N.E.2d at 1081. Our review of the record leads us to conclude that the trial court did not abuse its discretion by dismissing this case with prejudice.

■ Although we affirm, we suggest that the trial court could have made a more complete record at the July 1995 hearing on defendants' motions for sanctions that resulted in dismissal of plaintiff's case. When considering a motion for sanctions, a court not only can—but should—pointedly interrogate the noncomplying counsel on the record. A detailed record will assist the reviewing court to understand and review the trial court's exercise of discretion. Further, if attorneys realize they will be called upon to explain their conduct, that realization by itself may encourage them to comply with court rules and orders.

At the July 1995 hearing, plaintiff's counsel claimed that he assumed the April 19, 1995, deposition had been cancelled because defense counsel did not call the day before to confirm, as is the custom in Cook County (according to plaintiff's counsel). Plaintiff's counsel (whose offices are in Cook County) also claimed that his firm was unable to produce plaintiff for the deposition due to scheduling difficulties. Defense counsel argues persuasively that plaintiff's counsel had an obligation to inform defendants of scheduling conflicts and to learn and comply with local rules.

■ Only three possible explanations exist for plaintiff's failure to appear at her April 18, 1995, deposition: (1) plaintiff's counsel never informed her of the setting; (2) plaintiff's counsel initially told her to appear, but at some point prior to April 18 told her not to appear; or (3) plaintiff failed to appear of her own volition even though her lawyer told her to appear. Either of the first two explanations demonstrates serious disregard for the setting of depositions pursuant to supreme court rules. Regarding the second possible explana-

tion, if plaintiff's counsel contacted plaintiff to instruct her not to appear because of counsel's scheduling difficulty, why did he not also contact either of defendants' attorneys to tell them as well? The third explanation is entirely implausible because plaintiff's counsel also failed to appear. The trial court should have carefully questioned plaintiff's counsel to determine precisely which of these explanations applied.

Because litigants continue to violate court orders and discovery rules, we emphasize here, as did the supreme court in *People v. Wilk*, 124 Ill. 2d 93, 103, 529 N.E.2d 218, 221 (1988), that court rules and orders are not merely suggestions to be complied with if convenient. Instead, they constitute obligations that counsel disregard at their *personal* peril and that trial courts must enforce. This record reveals a shocking mindset of plaintiff's counsel that deadlines—whether imposed by court order or supreme court rule—are of no importance and missing them is of no consequence. Counsel has acted as if judicial deadlines marked the time he had to *begin* to think about his compliance. We hope that our decision here, affirming the trial court's dismissal, will emphasize the fact that there are indeed consequences to ignoring court orders and rules.

The blatant disregard of judicial authority as demonstrated by counsel in *Sander* and in this case is all too commonplace. Trial courts deceive themselves if they think that attorneys appearing before them will accord any more respect to court orders and rules than the courts themselves show. We commend the court in this case for having the courage to dismiss when confronted with the deliberate noncompliance this record shows, and we urge other courts to do the same when presented with repeated violations of court orders and rules.

This discussion is particularly important in view of changes the Supreme Court of Illinois wrought last year in discovery rules (effective January 1, 1996). The changes both tighten the discovery process and give trial courts greater authority to govern it. Accordingly, with regard to the trial court's order in this case requiring plaintiff to pay $295 in attorney fees, we note that a court faced with wilful violations of discovery rules or court orders may impose significant sanctions on counsel *personally*. Supreme Court Rule 219(c), which sets forth the sanctions available for violations of court orders or discovery rules in civil cases, now reads in part as follows:

> "In lieu of or in addition to the foregoing [list of sanctions], the court *** may impose upon the offending party *or his or her attorney*, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable

expenses incurred as a result of the misconduct, including a reasonable attorney fee, and *when the misconduct is wilful, a monetary penalty.*" (Emphasis added.) 166 Ill. 2d R. 219(c). Because courts may hesitate to impose sanctions on attorneys personally, we emphasize that we take the supreme court *at its word* when it states in Rule 219(c) that courts may impose a monetary penalty *on counsel* for wilful violations of discovery rules and court orders. See *People v. Foster*, 271 Ill. App. 3d 562, 568-69, 648 N.E.2d 337, 341 (1995) (holding that Rule 415(g)(ii) (134 Ill. 2d R. 415(g)(ii)) authorizes the trial court to impose sanctions on attorneys personally in criminal cases and suggesting that courts do so in lieu of—or in addition to—sanctions pertaining to restricting nondisclosed evidence). The trial courts' inherent authority to impose personal sanctions upon attorneys provides another tool to use when faced with the need to balance the interests of both parties and to enforce discovery rules. Thus, as they administer discovery in civil cases, courts should not hesitate, where appropriate, to sanction—with significant fines— those attorneys who disregard court orders and rules.

Last, we reject plaintiff's argument that the trial court, when *hearing a motion for sanctions* due to violations of court orders or rules, must somehow be limited to considering only the particular violation then before it. The way the parties manage a lawsuit constitutes a cumulative enterprise, and we will not impose blinders upon trial courts as they exercise their discretion in this important area. A trial court can—and should—consider past violations, explanations, court responses, and essentially the *entire* history of the particular litigation before it when deciding what action to take under Supreme Court Rule 219 (134 Ill. 2d R. 219). It should be too obvious to state, but in view of plaintiff's argument, we will state it anyway: the same violation that here resulted appropriately in dismissal with prejudice—because of plaintiff's counsel's history of egregiously disregarding court orders and rules—might, in a case without such a history, result in only minimal sanctions.

## V. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

GARMAN and KNECHT, JJ., concur.