TINA E. HIGGENS *et al.*, Plaintiffs-Appellants, v. STEPHEN L. HOUSE, Defendant-Appellee (Sarah Bush Lincoln Health Center, Defendant).

Fourth District No. 4—96—0793

Argued March 11, 1997.—Opinion filed May 28, 1997.—Rehearing denied July 2, 1997.

COOK, J., dissenting.

Richard W. Gibson (argued), of Williamson, Webster, Groshong, Falb & Gibson, of Alton, for appellants.

Charlene A. Cremeens and Brad G. Pelc (argued), both of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

This is an appeal from the judgment of the circuit court of Coles County denying plaintiffs' motion to set aside the summary judgment entered in defendant Dr. Stephen L. House's favor in a medical malpractice action. See 735 ILCS 5/2—1203, 2—1005 (West 1994). Plaintiffs appeal, arguing substantial justice between the parties was not achieved when the trial court denied their motion to set aside the summary judgment. We affirm.

In May 1994, plaintiffs Tina and Ronald Higgens filed a complaint alleging medical malpractice against defendant and Sarah Bush Lincoln Health Center (Health Center). In January 1996, plaintiffs voluntarily dismissed the Health Center.

On numerous occasions in the course of the litigation, plaintiffs failed to comply with defendant's discovery requests and identify their proposed expert opinion witness(es). Eventually, on March 29, 1996, the trial court held a case management conference and entered a case management order directing plaintiffs to disclose their opinion witnesses within 30 days and produce such witnesses for deposition by June 28, 1996. Plaintiffs failed to disclose their opinion witnesses as ordered and, in May 1996, defendant filed a motion for summary judgment, arguing this failure entitled him to judgment as a matter of law.

Defendant sent counsel for plaintiffs a copy of the motion for summary judgment and notice of the June 19, 1996, hearing date, yet counsel for plaintiffs did not file a response to the motion and failed to appear at the hearing. Accordingly, the trial court entered summary judgment in defendant's favor on June 19, 1996. On July 18, 1996, counsel for plaintiffs filed a motion to set aside the summary judgment, stating he had overlooked the notice of the hearing date but did have an expert who was available for deposition. Counsel did not explain his failure to file a response to the motion for summary judgment. Following a September 1996 hearing, the trial court denied plaintiffs' motion to set aside the summary judgment.

■ In their brief, plaintiffs contend the order of summary judgment was a default order, entered as a sanction for failing to attend the hearing on the summary judgment motion (see 735 ILCS 5/2—1301(d) (West 1994)). They argue the trial court should have liberally construed their motion to set aside the order, as courts do when ruling on petitions to vacate default orders entered pursuant to section 2—1301 of the Code of Civil Procedure (Code).

It is possible to view the summary judgment order as a default order or a sanction for discovery abuse. However, plaintiffs' failure to file a response to the motion or identify an expert witness by the

hearing date also justified the entry of summary judgment on the merits of defendant's motion.

Contrary to defendant's assertion, section 2—1401 of the Code has no application to these facts because plaintiffs filed their motion to set aside the order of summary judgment within 30 days of its entry. 735 ILCS 5/2—1401 (West 1994). The trial court retained jurisdiction to set aside the summary judgment, a final order disposing of the litigation, for 30 days after its entry. *Board of Managers of Dunbar Lakes Condominium Ass'n II v. Beringer*, 94 Ill. App. 3d 442, 446, 418 N.E.2d 1099, 1102 (1981).

We approach plaintiffs' motion to set aside the summary judgment as a motion to reconsider or vacate the judgment pursuant to section 2—1203 of the Code. 735 ILCS 5/2—1203 (West 1994). Such a motion invokes the sound discretion of the trial court, and absent a showing the trial court abused its discretion, we will not disturb the court's ruling on review. See *Freeman v. Augustine's, Inc.*, 46 Ill. App. 3d 230, 236, 360 N.E.2d 1245, 1249 (1977). We need not address the question of whether the trial court could have chosen to impose a sanction against the plaintiffs or their counsel as a means to spur them to disclose the expert and comply with future court orders. Perhaps another trial judge would have proceeded in a different fashion. We must focus on what the trial court did and whether that was an abuse of discretion. The issue presented is whether the trial court abused its discretion in denying plaintiffs' motion to set aside the summary judgment where plaintiffs failed to respond to the motion for summary judgment and offered no reasonable explanation for their failure to identify an expert witness until after the trial court entered summary judgment in defendant's favor.

█ In a medical malpractice case, Illinois law mandates a plaintiff prove (1) the proper standard of care by which to measure the defendant's conduct, (2) a negligent breach of the standard of care, and (3) resulting injury proximately caused by the defendant's lack of skill or care. *Gorman v. Shu-Fang Chen, M.D., Ltd.*, 231 Ill. App. 3d 982, 986, 596 N.E.2d 1350, 1353 (1992). Necessary to the establishment of a *prima facie* case of medical negligence is the presentation of expert testimony to establish the applicable standard of care, a deviation from the standard, and the resulting injury to the plaintiff. *Addison v. Whittenberg*, 124 Ill. 2d 287, 297, 529 N.E.2d 552, 556 (1988).

█ The disposition of a medical malpractice claim by summary judgment is appropriate when no genuine issue of material fact remains to be resolved; accordingly, when a defendant files a summary judgment motion and affidavit establishing he was not

negligent, it is incumbent on the plaintiff to substantiate his allegations of negligence through expert testimony. *Brandeis v. Salafsky*, 206 Ill. App. 3d 31, 35-36, 563 N.E.2d 1026, 1029 (1990). Where a plaintiff has failed to show the present ability to offer such expert testimony, summary judgment in a defendant's favor is appropriate. *Purtill v. Hess*, 111 Ill. 2d 229, 250, 489 N.E.2d 867, 876 (1986); *Smock v. Hale*, 197 Ill. App. 3d 732, 741, 555 N.E.2d 74, 80 (1990).

■ Because plaintiffs failed to file a response to the motion for summary judgment, there was no genuine issue of material fact on the issue of medical malpractice, *i.e.*, plaintiffs had not disclosed the expert required to establish the essential elements of their claim. In these circumstances, the court could grant the motion as a matter of law. *Brandeis*, 206 Ill. App. 3d at 36-37, 563 N.E.2d at 1029; *Diggs v. Suburban Medical Center*, 191 Ill. App. 3d 828, 834, 548 N.E.2d 373, 377-78 (1989).

When counsel for plaintiffs did not appear at the hearing on the motion for summary judgment, the trial court had defense counsel contact plaintiffs' attorney. Counsel for plaintiffs indicated he inadvertently missed the hearing date, yet he did not assure the court he could produce an expert witness. We conclude the trial court's entry of summary judgment was proper.

■ Whether the trial court's ruling on a motion to reconsider or vacate a judgment achieved substantial justice between the litigants is a relevant inquiry in assessing whether the trial court abused its discretion in ruling on the motion. See *Mryszuk v. Hoyos*, 228 Ill. App. 3d 860, 863, 593 N.E.2d 900, 902 (1992). A reviewing court should determine whether, under the circumstances, it would have been reasonable to compel the nonmoving party to go to trial on the merits of the case. *Mryszuk*, 228 Ill. App. 3d at 863, 593 N.E.2d at 902. Plaintiffs argue, because their expert witness has now been disclosed and is available for deposition, a trial on the merits could go forward in a timely manner and without prejudice to defendant. However, examining plaintiffs' lack of diligence throughout the discovery process in pursuing this claim, we conclude it would not be reasonable to compel defendant to proceed to trial.

In September 1995, defendant served plaintiffs with interrogatories regarding expert witnesses pursuant to Supreme Court Rule 220. 134 Ill. 2d R. 220 (repealed eff. January 1, 1996). Plaintiffs failed to answer defendant's interrogatories and, in October 1995, defendant sent plaintiffs a letter pursuant to Supreme Court Rule 201(k), requesting compliance with his written discovery requests. 134 Ill. 2d R. 201(k). Plaintiffs did not respond to the letter and defendant filed a motion to compel in November 1995. The motion to compel was

cancelled and plaintiffs agreed to disclose their expert witness(es) by January 31, 1996. Plaintiffs failed to disclose their expert(s) by that date.

In January or February 1996, defendant served plaintiffs with supplemental interrogatories pursuant to the recently amended Supreme Court Rule 213. 166 Ill. 2d R. 213. Plaintiffs did not answer the supplemental interrogatories or defendant's request for production. Defendant sent plaintiffs another letter pursuant to Rule 201(k) and, in April 1996, filed another motion to compel.

The parties attended a case management conference in March 1996 and, as stated, plaintiffs failed to comply with the case management discovery order entered following the conference. Counsel for plaintiffs admits he has no compelling excuse for not complying with the trial court's case management order regarding the disclosure of expert witnesses. Counsel states he was in contact with the intended expert witness regarding this case long before the complaint was filed but follow-up with the expert became difficult due to the expert's move to a new Florida office.

As mentioned above, plaintiffs were notified of defendant's motion for summary judgment and of the hearing date for the motion yet filed no response to the motion and missed the hearing date. Counsel assures us his failures to identify an expert witness and to attend the hearing on the motion for summary judgment were inadvertent and there was no wilful or intentional attempt to ignore the trial court's orders.

We have already concluded the trial court correctly entered summary judgment in defendant's favor. We conclude further the trial court's denial of plaintiffs' motion to set aside the summary judgment was proper in light of the lack of diligence in the prosecution of this case. Counsel for plaintiffs urges us to reverse the trial court's ruling so his clients will not be punished for his errors. Counsel's failure to exercise care in the handling of this case is not a proper basis for us to reverse the trial court's judgment. See *People v. Mamolella*, 42 Ill. 2d 69, 72, 245 N.E.2d 485, 487 (1969). For nearly three years, defendant has expended resources in defending this action. Allowing plaintiffs to proceed to a trial on the merits, merely because they should not be penalized for the omissions of their own attorney, "would be visiting the sins of plaintiff[s'] lawyer upon the *defendant*." (Emphasis in original.) *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10, 8 L. Ed. 2d 734, 740 n.10, 82 S. Ct. 1386, 1390 n.10 (1962).

For the above reasons, the judgment of the circuit court is affirmed.

Affirmed.

GARMAN, J., concurs.

JUSTICE COOK, dissenting:

Plaintiffs' attorney (1) did not respond to interrogatories served upon him on September 14, 1995, (2) did not comply with an agreement to disclose expert by January 31, 1996, (3) did not answer interrogatories served on him apparently on February 1, 1996, and (4) did not comply with a case management order to disclose expert by April 28, 1996. If counsel had responded to the interrogatories, the response would apparently have been that plaintiff had not yet retained an expert. No cutoff date for disclosure of experts had been established when the interrogatories were served. Nevertheless, discovery was conducted in this case. Depositions were taken of all witnesses except the experts on both sides, and there was other discovery as well. It appears the parties were able to resolve their differences voluntarily, as they are encouraged to do by Rule 201(k). For example, defendant filed a motion to compel on November 16, 1995, but that motion was withdrawn. Defendant filed a second motion to compel at the time of the case management conference, March 29, 1996, which was apparently resolved at that time.

Plaintiffs' attorney suggests (1) his expert was the same physician with whom he had consulted when he filed his affidavit pursuant to section 2—622 of the Code (735 ILCS 5/2—622 (West 1994)), (2) he had delayed naming the physician as his expert because he wanted the physician to examine depositions taken in August and September 1995 to see if they altered his opinion, (3) the physician had not gotten back to him, and (4) contact with the physician was difficult because the physician had relocated his offices to Florida.

Although plaintiffs' attorney had apparently not complied with some of defendant's requests for discovery, the only court order that had not been complied with was the case management order setting a deadline of April 28, 1996, for the disclosure of opinion witnesses. When plaintiff failed to comply with that portion of the case management order, defendant did not file a motion for sanctions as in *Clymore v. Hayden*, 278 Ill. App. 3d 862, 663 N.E.2d 755 (1996), but instead filed a motion for summary judgment.

Summary judgments are not entered as sanctions. They are entered where there is no genuine issue as to any material fact and

the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1994). Nevertheless, where plaintiff in a medical malpractice case is unable to procure the necessary expert testimony, summary judgment for the defendant is appropriate. *Stevenson v. Nauton*, 71 Ill. App. 3d 831, 835, 390 N.E.2d 53, 57 (1979); see *Addison*, 124 Ill. 2d at 295-96, 529 N.E.2d at 556; *Pogge v. Hale*, 253 Ill. App. 3d 904, 917, 625 N.E.2d 792, 800 (1993). The basis for such a summary judgment is that plaintiff is unable to procure an expert, not that plaintiff is in technical violation of some discovery schedule. Where plaintiff indicates she will be able to obtain an expert, she must be given every opportunity to do so. See *Stevenson*, 71 Ill. App. 3d at 835, 390 N.E.2d at 56; *Addison*, 124 Ill. 2d at 299, 529 N.E.2d at 557 (no claim plaintiff did not have sufficient time to procure expert). Of course, the trial court is not required to accept plaintiff's promise that an expert will be forthcoming and may set a deadline for production. The basis for the summary judgment, however, is the trial court's determination that no expert will be produced. In *Addison*, the supreme court specifically refused to uphold summary judgment on the basis that the Rule 220 deadline had passed. See *Addison*, 124 Ill. 2d at 295-96, 529 N.E.2d at 556.

There is no indication in the present case that the trial court was convinced that plaintiffs could not obtain an expert. Instead, the trial court stated the motion was granted by default but also indicated the motion could have been granted "on the merits," because the time frame in which to disclose the expert had expired "and I think under those circumstances, absent some good cause, that apparently would not be present here, that period would not have been expanded by the Court." Accordingly, even if plaintiffs had appeared, plaintiffs would have been "without any means of defending the motion for summary judgment."

The failure to disclose an expert by April 28, 1996, may have been a basis for the imposition of sanctions, but it was not a basis for the entry of summary judgment. *Brandeis*, 206 Ill. App. 3d at 36, 563 N.E.2d at 1029 (granting summary judgment as a discovery sanction improper). Dismissal is a possible sanction, but such a drastic sanction should only be employed as a last resort. See *Clymore*, 278 Ill. App. 3d at 867-68, 663 N.E.2d at 757-58 (repeated violations of court orders and rules, first motion to dismiss denied, second granted). There was no court order in this case requiring disclosure of an expert until the case management conference on March 29, 1996. The case management conference set a trial date of March 31, 1997. That trial date had not been jeopardized. "The purpose of imposing sanctions is to coerce compliance with court rules and orders, not to punish the

dilatory party." *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 68, 651 N.E.2d 1071, 1081 (1995). A trial court abuses its discretion by imposing the most severe sanction possible when it could have achieved its goals by fining defense counsel several hundred dollars. See *People v. Foster*, 271 Ill. App. 3d 562, 566-68, 648 N.E.2d 337, 340-41 (1995).

The majority suggests that allowing plaintiffs to proceed to trial, because they should not be penalized for their lawyer's omissions, would be visiting the sins of plaintiffs' lawyer upon the defendant. 288 Ill. App. 3d at 548. I do not understand that statement. Defendant has no right to a summary judgment in this case if plaintiffs are able to produce an expert witness. Defendant has expended resources for nearly three years in defending this action, but there has been no showing those expenses were caused by the improper actions of plaintiffs' attorney. Every defendant incurs expenses in defending an action. If this defendant has been put to additional expense because of the delays of plaintiffs' attorney, those expenses can be recovered through money sanctions.

The majority complains that plaintiffs' attorney did not explain his failure to file a response to the motion for summary judgment. 288 Ill. App. 3d at 543. As the trial court noted, plaintiffs' attorney did explain that he received the motion and notice of hearing among a group of other pleadings from defendant, overlooked them, and failed to enter the date on his calendar. Plaintiffs' attorney stated that in the county where he regularly practices, the court calendars motions and that motions are not set by an attorney filing a notice of hearing. There is no indication the trial court disbelieved those representations.

The majority complains that plaintiffs' attorney was given the opportunity to explain his omissions, and possibly obtain a continuance, when he was contacted on the hearing date, but he did not do so. 288 Ill. App. 3d at 547. When plaintiffs' attorney, who practices in Madison County, did not appear at the hearing in Coles County, the trial court directed defendant's attorney to call plaintiffs' attorney. The substance of that conversation is not in the record, but plaintiffs' attorney states he asked defense counsel to continue the case, to explain that the missed date was accidental, and to apologize to the trial court. Defense counsel responded that he could not agree to a continuance and indicated the court would not grant a continuance. In the absence of a record we should not assume anything to the contrary. Plaintiffs' attorney did not just file a motion to set aside the judgment on July 18, 1996. In addition, plaintiffs' attorney answered the Rule 220 interrogatories, disclosed his expert, and made him available for deposition on any Saturday in August 1996.

Plaintiffs' attorney had fully complied with all court orders and requests for discovery when he filed his motion to set aside.

Under the rule announced today, a single missed setting can result in dismissal where the trial court, in hindsight, concludes that the attorney could have worked harder on the case. Sanctions imposed in hindsight serve to punish but do little to further the goal of achieving compliance. We have here what Jeremy Bentham referred to as "dog law," the " 'age-old method of training dogs by waiting until they do what they are to be forbidden to do and then kicking them.' [2 N. Singer, Sutherland on Statutory Construction § 41.02, at 340-41 (Sands 4th ed. 1986).]" *Rivard v. Chicago Fire Fighters Union, Local No. 2*, 122 Ill. 2d 303, 309, 522 N.E.2d 1195, 1198 (1988) (discussing the preference for prospective application of statutes).