NO.  4-96-0793

                          IN THE APPELLATE COURT

                                OF ILLINOIS

                              FOURTH DISTRICT

TINA E. HIGGENS and RONALD HIGGENS,     )  Appeal from

          Plaintiffs-Appellants,        )  Circuit Court of

          v.                            )  Coles County

DR. STEPHEN L. HOUSE,                   )  No. 94L52

          Defendant-Appellee,           )  

          and                           )  Honorable

SARAH BUSH LINCOLN HEALTH CENTER,       )  Paul C. Komada,       

          Defendant.                    )  Judge Presiding.

_________________________________________________________________

          JUSTICE KNECHT delivered the opinion of the court:

          This is an appeal from the judgment of the circuit

court of Coles County denying plaintiffs' motion to set aside the

summary judgment entered in defendant Dr. Stephen L. House's

favor in a medical malpractice action.  See 735 ILCS 5/2-1203, 2-

1005 (West 1994).  Plaintiffs appeal, arguing substantial justice

between the parties was not achieved when the trial court denied

their motion to set aside the summary judgment.  We affirm.

          In May 1994, plaintiffs Tina and Ronald Higgens filed a

complaint alleging medical malpractice against defendant and

Sarah Bush Lincoln Health Center (Health Center).  In January

1996, plaintiffs voluntarily dismissed the Health Center. 

          On numerous occasions in the course of the litigation,

plaintiffs failed to comply with defendant's discovery requests

and identify their proposed expert opinion witness(es).  Eventu-

ally, on March 29, 1996, the trial court held a case management

conference and entered a case management order directing plain-

tiffs to disclose their opinion witnesses within 30 days and

produce such witnesses for deposition by June 28, 1996.  Plain-

tiffs failed to disclose their opinion witnesses as ordered and,

in May 1996, defendant filed a motion for summary judgment, argu-

ing this failure entitled him to judgment as a matter of law. 

          Defendant sent counsel for plaintiffs a copy of the

motion for summary judgment and notice of the June 19, 1996,

hearing date, yet counsel for plaintiffs did not file a response

to the motion and failed to appear at the hearing.  Accordingly,

the trial court entered summary judgment in defendant's favor on

June 19, 1996.  On July 18, 1996, counsel for plaintiffs filed a

motion to set aside the summary judgment, stating he had over-

looked the notice of the hearing date but did have an expert who

was available for deposition.  Counsel did not explain his fail-

ure to file a response to the motion for summary judgment.  Fol-

lowing a September 1996 hearing, the trial court denied plain-

tiffs' motion to set aside the summary judgment.       

          In their brief, plaintiffs contend the order of summary

judgment was a default order, entered as a sanction for failing

to attend the hearing on the summary judgment motion (see 735

ILCS 5/2-1301(d) (West 1994)).  They argue the trial court should

have liberally construed their motion to set aside the order, as

courts do when ruling on petitions to vacate default orders en-

tered pursuant to section 2-1301 of the Code of Civil Procedure

(Code).

           It is possible to view the summary judgment order as a

default order or a sanction for discovery abuse.  However, plain-

tiffs' failure to file a response to the motion or identify an

expert witness by the hearing date also justified the entry of

summary judgment on the merits of defendant's motion. 

          Contrary to defendant's assertion, section 2-1401 of

the Code has no application to these facts because plaintiffs

filed their motion to set aside the order of summary judgment

within 30 days of its entry.  735 ILCS 5/2-1401 (West 1994).  The

trial court retained jurisdiction to set aside the summary judg-

ment, a final order disposing of the litigation, for 30 days

after its entry.  Board of Managers of Dunbar Lakes Condominium

Ass'n II v. Beringer, 94 Ill. App. 3d 442, 446, 418 N.E.2d 1099,

1102 (1981).   

          We approach plaintiffs' motion to set aside the summary

judgment as a motion to reconsider or vacate the judgment pur-

suant to section 2-1203 of the Code.  735 ILCS 5/2-1203 (West

1994).  Such a motion invokes the sound discretion of the trial

court, and absent a showing the trial court abused its discre-

tion, we will not disturb the court's ruling on review.  See

Freeman  v. Augustine's, Inc., 46 Ill. App. 3d 230, 236, 360

N.E.2d 1245, 1249 (1977).  We need not address the question of

whether the trial court could have chosen to impose a sanction

against the plaintiffs or their counsel as a means to spur them

to disclose the expert and comply with future court orders. 

Perhaps another trial judge would have proceeded in a different

fashion.  We must focus on what the trial court did and whether

that was an abuse of discretion.  The issue presented is whether

the trial court abused its discretion in denying plaintiffs' mo-

tion to set aside the summary judgment where plaintiffs failed to

respond to the motion for summary judgment and offered no reason-

able explanation for their failure to identify an expert witness

until after the trial court entered summary judgment in

defendant's favor.

          In a medical malpractice case, Illinois law mandates a

plaintiff prove (1) the proper standard of care by which to mea-

sure the defendant's conduct, (2) a negligent breach of the stan-

dard of care, and (3) resulting injury proximately caused by the

defendant's lack of skill or care.  Gorman v. Shu-Fang Chen,

M.D., Ltd., 231 Ill. App. 3d 982, 986, 596 N.E.2d 1350, 1353

(1992).  Necessary to the establishment of a prima facie case of

medical negligence is the presentation of expert testimony to es-

tablish the applicable standard of care, a deviation from the

standard, and the resulting injury to the plaintiff.  Addison v.

Whittenberg, 124 Ill. 2d 287, 297, 529 N.E.2d 552, 556 (1988).

          The disposition of a medical malpractice claim by sum-

mary judgment is appropriate when no genuine issue of material

fact remains to be resolved; accordingly, when a defendant files

a summary judgment motion and affidavit establishing he was not

negligent, it is incumbent on the plaintiff to substantiate his

allegations of negligence through expert testimony.  Brandeis v.

Salafsky, 206 Ill. App. 3d 31, 35-36, 563 N.E.2d 1026, 1029

(1990).  Where a plaintiff has failed to show the present ability

to offer such expert testimony, summary judgment in a defendant's

favor is appropriate.  Purtill v. Hess, 111 Ill. 2d 229, 250, 489

N.E.2d 867, 876 (1986); Smock v. Hale, 197 Ill. App. 3d 732, 741,

555 N.E.2d 74, 80 (1990).

          Because plaintiffs failed to file a response to the mo-

tion for summary judgment, there was no genuine issue of material

fact on the issue of medical malpractice, i.e., plaintiffs had

not disclosed the expert required to establish the essential

elements of their claim.  In these circumstances, the court could

grant the motion as a matter of law. Brandeis, 206 Ill. App. 3d

at 36-37, 563 N.E.2d at 1029; Diggs v. Suburban Medical Center,

191 Ill. App. 3d 828, 834, 548 N.E.2d 373, 377-78 (1989).  

          When counsel for plaintiffs did not appear at the hear-

ing on the motion for summary judgment, the trial court had de-

fense counsel contact plaintiffs' attorney.  Counsel for plain-

tiffs indicated he inadvertently missed the hearing date, yet he

did not assure the court he could produce an expert witness.  We

conclude the trial court's entry of summary judgment was proper.

          Whether the trial court's ruling on a motion to recon-

sider or vacate a judgment achieved substantial justice between

the litigants is a relevant inquiry in assessing whether the

trial court abused its discretion in ruling on the motion.  See

Mryszuk v. Hoyos, 228 Ill. App. 3d 860, 863, 593 N.E.2d 900, 902

(1992).  A reviewing court should determine whether, under the

circumstances, it would have been reasonable to compel the non-

moving party to go to trial on the merits of the case.  Mryszuk,

228 Ill. App. 3d at 863, 593 N.E.2d at 902.  Plaintiffs argue,

because their expert witness has now been disclosed and is avail-

able for deposition, a trial on the merits could go forward in a

timely manner and without prejudice to defendant.  However, exam-

ining plaintiffs' lack of diligence throughout the discovery

process in pursuing this claim, we conclude it would not be rea-

sonable to compel defendant to proceed to trial.

          In September 1995, defendant served plaintiffs with in-

terrogatories regarding expert witnesses pursuant to Supreme

Court Rule 220.  134 Ill. 2d R. 220 (repealed eff. January 1,

1996).  Plaintiffs failed to answer defendant's interrogatories

and, in October 1995, defendant sent plaintiffs a letter pursuant

to Supreme Court Rule 201(k), requesting compliance with his

written discovery requests.  134 Ill. 2d R. 201(k).  Plaintiffs

did not respond to the letter and defendant filed a motion to

compel in November 1995.  The motion to compel was cancelled and

plaintiffs agreed to disclose their expert witness(es) by January

31, 1996.  Plaintiffs failed to disclose their expert(s) by that

date.

          In January or February 1996, defendant served plain-

tiffs with supplemental interrogatories pursuant to the recently

amended Supreme Court Rule 213.  Official Reports Advance Sheet

No. 20 (September 27, 1995), R. 213, eff. January 1, 1996. 

Plaintiffs did not answer the supplemental interrogatories or

defendant's request for production.  Defendant sent plaintiffs

another letter pursuant to Rule 201(k) and, in April 1996, filed

another motion to compel.

          The parties attended a case management conference in

March 1996 and, as stated, plaintiffs failed to comply with the

case management discovery order entered following the conference. 

Counsel for plaintiffs admits he has no compelling excuse for not

complying with the trial court's case management order regarding

the disclosure of expert witnesses.  Counsel states he was in

contact with the intended expert witness regarding this case long

before the complaint was filed but follow-up with the expert

became difficult due to the expert's move to a new Florida of-

fice.  

          As mentioned above, plaintiffs were notified of

defendant's motion for summary judgment and of the hearing date

for the motion yet filed no response to the motion and missed the

hearing date.  Counsel assures us his failures to identify an ex-

pert witness and to attend the hearing on the motion for summary

judgment were inadvertent and there was no wilful or intentional

attempt to ignore the trial court's orders.  

          We have already concluded the trial court correctly en-

tered summary judgment in defendant's favor.  We conclude further

the trial court's denial of plaintiffs' motion to set aside the

summary judgment was proper in light of the lack of diligence in

the prosecution of this case.  Counsel for plaintiffs urges us to

reverse the trial court's ruling so his clients will not be pun-

ished for his errors.  Counsel's failure to exercise care in the

handling of this case is not a proper basis for us to reverse the

trial court's judgment.  See People v. Mamolella, 42 Ill. 2d 69,

72, 245 N.E.2d 485, 487 (1969).  For nearly three years, defen-

dant has expended resources in defending this action.  Allowing

plaintiffs to proceed to a trial on the merits, merely because

they should not be penalized for the omissions of their own at-

torney, "would be visiting the sins of plaintiff[s'] lawyer upon

the defendant."  (Emphasis in original.)  Link v. Wabash R.R.

Co., 370 U.S. 626, 634 n.10, 8 L. Ed. 2d 734, 740 n.10, 82 S. Ct.

1386, 1390 n.10 (1962). 

          For the above reasons, the judgment of the circuit

court is affirmed.

          Affirmed.

          GARMAN, J., concurs.

          COOK, J., dissents.

          JUSTICE COOK, dissenting:

          Plaintiffs' attorney (1) did not respond to interroga-

tories served upon him on September 14, 1995, (2) did not comply

with an agreement to disclose expert by January 31, 1996, (3) did

not answer interrogatories served on him apparently on February

1, 1996, and (4) did not comply with a case management order to

disclose expert by April 28, 1996.  If counsel had responded to

the interrogatories, the response would apparently have been that

plaintiff had not yet retained an expert.  No cutoff date for

disclosure of experts had been established when the interrogato-

ries were served.  Nevertheless, discovery was conducted in this

case.  Depositions were taken of all witnesses except the experts

on both sides, and there was other discovery as well.  It appears

the parties were able to resolve their differences voluntarily,

as they are encouraged to do by Rule 201(k).  For example, defen-

dant filed a motion to compel on November 16, 1995, but that

motion was withdrawn.  Defendant filed a second motion to compel

at the time of the case management conference, March 29, 1996,

which was apparently resolved at that time.                      

          Plaintiffs' attorney suggests (1) his expert was the

same physician with whom he had consulted when he filed his affi-

davit pursuant to section 2-622 of the Code (735 ILCS 5/2-622

(West 1994)), (2) he had delayed naming the physician as his

expert because he wanted the physician to examine depositions

taken in August and September 1995 to see if they altered his

opinion, (3) the physician had not gotten back to him, and (4)

contact with the physician was difficult because the physician

had relocated his offices to Florida.        

          Although plaintiffs' attorney had apparently not com-

plied with some of defendant's requests for discovery, the only

court order that had not been complied with was the case manage-

ment order setting a deadline of April 28, 1996, for the disclo-

sure of opinion witnesses.  When plaintiff failed to comply with

that portion of the case management order, defendant did not file

a motion for sanctions as in Clymore v. Hayden, 278 Ill. App. 3d

862, 663 N.E.2d 755 (1996), but instead filed a motion for summa-

ry judgment.  

          Summary judgments are not entered as sanctions.  They

are entered where there is no genuine issue as to any material

fact and the moving party is entitled to judgment as a matter of

law.  735 ILCS 5/2-1005(c) (West 1994).  Nevertheless, where

plaintiff in a medical malpractice case is unable to procure the

necessary expert testimony, summary judgment for the defendant is

appropriate.  Stevenson v. Nauton, 71 Ill. App. 3d 831, 835, 390

N.E.2d 53, 57 (1979); see Addison, 124 Ill. 2d at 295-96, 529

N.E.2d at 556; Pogge v. Hale, 253 Ill. App. 3d 904, 917, 625

N.E.2d 792, 800 (1993).  The basis for such a summary judgment is

that plaintiff is unable to procure an expert, not that plaintiff

is in technical violation of some discovery schedule.  Where

plaintiff indicates she will be able to obtain an expert, she

must be given every opportunity to do so.  See Stevenson, 71 Ill.

App. 3d at 835, 390 N.E.2d at 56; Addison, 124 Ill. 2d at 299,

529 N.E.2d at 557 (no claim plaintiff did not have sufficient

time to procure expert).  Of course, the trial court is not re-

quired to accept plaintiff's promise that an expert will be

forthcoming and may set a deadline for production.  The basis for

the summary judgment, however, is the trial court's determination

that no expert will be produced.  In Addison, the supreme court

specifically refused to uphold summary judgment on the basis that

the Rule 220 deadline had passed.  See Addison, 124 Ill. 2d at

295-96, 529 N.E.2d at 556.         

          There is no indication in the present case that the

trial court was convinced that plaintiffs could not obtain an

expert.  Instead, the trial court stated the motion was granted

by default but also indicated the motion could have been granted

"on the merits," because the time frame in which to disclose the

expert had expired "and I think under those circumstances, absent

some good cause, that apparently would not be present here, that

period would not have been expanded by the Court."  Accordingly,

even if plaintiffs had appeared, plaintiffs would have been

"without any means of defending the motion for summary judgment." 

          The failure to disclose an expert by April 28, 1996,

may have been a basis for the imposition of sanctions, but it was

not a basis for the entry of summary judgment.  Brandeis, 206

Ill. App. 3d at 36, 563 N.E.2d at 1029 (granting summary judgment

as a discovery sanction improper).  Dismissal is a possible sanc-

tion, but such a drastic sanction should only be employed as a

last resort.  See Clymore, 278 Ill. App. 3d at 867-68, 663 N.E.2d

at 757-58 (repeated violations of court orders and rules, first

motion to dismiss denied, second granted).  There was no court

order in this case requiring disclosure of an expert until the

case management conference on March 29, 1996.  The case manage-

ment conference set a trial date of March 31, 1997.  That trial

date had not been jeopardized.  "The purpose of imposing sanc-

tions is to coerce compliance with court rules and orders, not to

punish the dilatory party."  Sander v. Dow Chemical Co., 166 Ill.

2d 48, 68, 651 N.E.2d 1071, 1081 (1995).  A trial court abuses

its discretion by imposing the most severe sanction possible when

it could have achieved its goals by fining defense counsel sever-

al hundred dollars.  See People v. Foster, 271 Ill. App. 3d 562,

566-68, 648 N.E.2d 337, 340-41 (1995).  

          The majority suggests that allowing plaintiffs to pro-

ceed to trial, because they should not be penalized for their

lawyer's omissions, would be visiting the sins of plaintiffs'

lawyer upon the defendant.  Slip op. at 7.  I do not understand

that statement.  Defendant has no right to a summary judgment in

this case if plaintiffs are able to produce an expert witness. 

Defendant has expended resources for nearly three years in de-

fending this action, but there has been no showing those expenses

were caused by the improper actions of plaintiffs' attorney. 

Every defendant incurs expenses in defending an action.  If this

defendant has been put to additional expense because of the de-

lays of plaintiffs' attorney, those expenses can be recovered

through money sanctions.  

          The majority complains that plaintiffs' attorney did

not explain his failure to file a response to the motion for

summary judgment.  Slip op. at 2.  As the trial court noted,

plaintiffs' attorney did explain that he received the motion and

notice of hearing among a group of other pleadings from defen-

dant, overlooked them, and failed to enter the date on his calen-

dar.  Plaintiffs' attorney stated that in the county where he

regularly practices, the court calendars motions and that motions

are not set by an attorney filing a notice of hearing.  There is

no indication the trial court disbelieved those representations.  

          The majority complains that plaintiffs' attorney was

given the opportunity to explain his omissions, and possibly

obtain a continuance, when he was contacted on the hearing date,

but he did not do so.  Slip op. at 5.  When plaintiffs' attorney,

who practices in Madison County, did not appear at the hearing in

Coles County, the trial court directed defendant's attorney to

call plaintiffs' attorney.  The substance of that conversation is

not in the record, but plaintiffs' attorney states he asked de-

fense counsel to continue the case, to explain that the missed

date was accidental, and to apologize to the trial court.  De-

fense counsel responded that he could not agree to a continuance

and indicated the court would not grant a continuance.  In the

absence of a record we should not assume anything to the con-

trary.  Plaintiffs' attorney did not just file a motion to set

aside the judgment on July 18, 1996.  In addition, plaintiffs'

attorney answered the Rule 220 interrogatories, disclosed his

expert, and made him available for deposition on any Saturday in

August 1996.  Plaintiffs' attorney had fully complied with all

court orders and requests for discovery when he filed his motion

to set aside.

          Under the rule announced today, a single missed setting

can result in dismissal where the trial court, in hindsight,

concludes that the attorney could have worked harder on the case. 

Sanctions imposed in hindsight serve to punish but do little to

further the goal of achieving compliance.  We have here what

Jeremy Bentham referred to as "dog law," the "'age-old method of

training dogs by waiting until they do what they are to be for-

bidden to do and then kicking them.'"  Rivard v. Chicago Fire

Fighters Union, Local No. 2, 122 Ill. 2d 303, 309, 522 N.E.2d

1195, 1198 (1988) (discussing the preference for prospective

application of statutes), quoting 1A A. Sutherland, Statutory

Construction §41.02, at 340-41 (4th ed. 1986).